**Howard N. MORRIS, Appellant,**

v.

**Mattie Louise MORRIS, Appellee.**

**No. 425.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 27, 1971.

---

Victor R. Blaine, Bob Carroll, Houston, for appellant.

Allen B. Daniels, T. Turner Pope, Houston, for appellee.

SAM D. JOHNSON, Justice.

This suit was brought by the appellee, Mattie Louise Morris, against the appellant, Howard N. Morris, for divorce from a common law marriage. Trial was before the court without a jury. The court's judgment recited that the parties " * * * did consummate a common law marriage and as issue of such marriage there was one child born * * *." The trial court's judgment dissolved the marriage, divided the community property, granted the present care, custody and control of the minor child to the appellee and ordered the appellant to make regular child support payments.

On this appeal, appellant contends that the trial court erred in finding that the parties consummated a common law marriage in that there is no evidence or insufficient evidence expressed or implied that the parties mutually agreed and consented together to become husband and wife, and, alternatively, that the finding of said agreement is against the overwhelming preponderance of the evidence.

It is noted at the outset that no findings of fact and conclusions of law were filed or requested. Under similar circumstances the Corpus Christi Court of Civil Appeals stated:

" * * * It is the duty of the Court of Civil Appeals upon appeal from judgment of the trial court to uphold such judgment provided that the implied findings which the judgment carries with it are supported by the evidence. In order

to warrant a reversal in a non jury case where the record contains a statement of facts but no findings of fact or conclusions of law, as in this case, the appellant must show from the record that under no theory to be gathered therefrom was the court authorized to render the judgment, and the judgment will be affirmed if the statement of facts supports it on any theory of the case."

Rosales v. Rosales, 377 S.W.2d 661, 663, (Tex.Civ.App.1964), no writ hist. We conclude that the appellant falls considerably short of the showing required of him.

■■■ The essential elements of a common law marriage are (1) an agreement presently to become husband and wife, (2) living together as husband and wife, and (3) holding each other out to the public as husband and wife. Ex parte Threet, 160 Tex. 482, 333 S.W.2d 361, (1960). The appellant has conceded in his brief that the second and third requirements have sufficient proof in the evidence. The only concern, therefore, is whether or not there is indicated in the record sufficient evidence to meet the requirement of an agreement, express or implied, between the parties to become husband and wife. It is well settled by our authorities that the agreement necessary to the validity of a common law marriage need not be an express agreement; it may be implied or inferred from evidence which establishes the second or third element. Humphreys v. Humphreys, 364 S.W.2d 177, (Tex.Sup.1963); Shelton v. Belknap, 155 Tex. 37, 282 S.W.2d 682, (1955).

■■■ In the instant case there is both direct and circumstantial evidence of the requisite agreement. The direct evidence is to be found in the testimony of the appellee wherein she stated that she and the appellant entered into an agreement to be married. The circumstantial evidence consists of numerous documents, which portray the parties as husband and wife. These include a deed, an earnest money contract, an insurance policy, joint federal income tax returns, and correspondence from the immediate family of the appellant. All of these evidence the agreement and understanding between the parties to be husband and wife.

We therefore find that all of the elements constituting the necessary requirements to prove a common law marriage have been established and there is sufficient evidence to uphold the trial court's finding.

The judgment of the trial court is affirmed.