Lela M. BOWERS, Widow of Deceased
Thomas Ira Bowers, Appellant
(Claimant below),

v.

GETTER TRUCKING COMPANY, Appellee
(*Employer-defendant below*),

v.

WYOMING STATE TREASURER ex rel.
WORKMEN'S COMPENSATION DE-
PARTMENT, Appellee (Objector-defendant
below).

No. 4227.

Supreme Court of Wyoming.

Oct. 9, 1973.

Lonabaugh & Bonner, and Dennis G. Bonner, Sheridan, for appellant.

Donald L. Painter, Sp. Asst. Atty. Gen., Casper, for appellee, Wyoming State Treasurer.

No appearance for appellee Getter Trucking Co.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Mr. Justice McCLINTOCK delivered the opinion of the Court.

Lela M. Bowers appeals to this Court from adverse judgment of the District Court of Campbell County, Wyoming, denying her benefits claimed to be due her as the result of the death of her alleged husband, Thomas Ira Bowers. Although both the employer and Wyoming State Treasurer appeared as objectors in the trial of the case, no brief has been filed in behalf of the employer and only the Treasurer has appeared as appellee.

Bowers, an employee of Getter Trucking Company, was killed while performing duties in connection with his employment.

Claimant filed an application and claim for award under the workmen's compensation law, alleging that she was the wife and a dependent of the deceased at the time of his accident and death.

The Treasurer filed an objection to an award, alleging that claimant is not and never has been married to deceased by "a marriage duly solemnized by a legal ceremony." The objection contains no allegation or claim that Lela M. Bowers was not in truth and in fact the wife of Thomas Ira Bowers at the time of his death. Thus, the only defense presented by the treasurer is whether Lela M. Bowers had been married to the deceased by a marriage duly solemnized by a legal ceremony.

The case was tried to the court on apparently divergent theories, the claimant attempting to establish a common-law marriage under Texas law and the Treasurer, employer, and trial court proceeding on the theory that the only question was whether there was a marriage duly solemnized by a legal ceremony. It is conceded that there never has been such formal marriage.

Several times during trial counsel for the claimant undertook to solicit testimony concerning the agreement of marriage in Texas. Counsel for the employer repeatedly objected on the ground that this was incompetent, irrelevant and immaterial and was consistently sustained. An offer of proof by claimant's attorney was denied, with the court holding the matter irrelevant and immaterial to the issue to be resolved.

Notwithstanding such difficulties of proof, the record does show that the parties had lived together for 14 years, initiating the relationship in Texas in 1958, receiving mail as Mr. and Mrs. Tom Bowers, and were considered by members of the family to be husband and wife. Claimant testified, "We made our vows to one another and lived up to them better than most people that are married in church."

Ultimately, the employer's attorney moved that claimant's claim be dismissed as failing to show that the parties were legally married by a marriage duly solemnized by a legal ceremony as required by sec. 27–87, W.S.1957, C.1967. That seems to be the only question decided. During the course of argument, the trial judge stated more than once something like this: "You can assume that this would meet the requirements in Texas." Following argument the motion was sustained.

Thus, it is very apparent, on the face of the record, that the trial court never reached the question of whether the common-law marriage of Lela M. Bowers to the decedent, in Texas, met all of the requirements for a valid common-law marriage according to the laws of Texas.[1] Although the objection to an award did not contest the validity of the marriage under common law of Texas, and although there is no finding upon such issue by the trial court, the Treasurer does contend in this Court that evidence of such valid marriage is lacking. As to what is required to make a common-law marriage valid, when consummated in Texas, see Tatum v. Tatum (Tex.Civ.App.1972), 478 S.W.2d 629, 630–631; Flores Gonzalez v. Viuda de Gonzalez (Tex.Civ.App.1971), 466 S.W.2d 839, 840–841; Howard v. Howard (Tex.Civ. App.1970), 459 S.W.2d 901, 903–904; Morris v. Morris (Tex.Civ.App.1971), 463 S. W.2d 295, 296; Shelton v. Belknap (1955), 155 Tex. 37, 282 S.W.2d 682, 684–686; and Wyble v. Minvielle (La.App.1971), 217 So. 2d 684, 687–689.

█ Section 27–87, W.S.1957, C.1967, provides in pertinent part as follows:

> "If the workman dies and leaves a widow or an invalid widower, to whom he or she has been regularly married by a marriage duly solemnized by a legal ceremony, such surviving spouse shall receive the sum of thirteen thousand dollars ($13,000.00) * * *."

---

1. It is to be noted that sec. 1–180, W.S. 1957, provides: "Every court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States."

Also, in connection with definitions, sec. 27–49 [II.] (d), W.S.1957, C.1967, specifies:

"No spouse shall be entitled to the benefits of this act nor shall such fact influence any awards made hereunder unless he or she shall have been married to the workman by a marriage duly solemnized by legal ceremony at the time of the injury;"

When the two sections set out above are construed together, as they must be, it is clear that the legislature has attempted to allow death benefits to a widow who has been married by a marriage solemnized by a legal ceremony and to expressly deny death benefits to a widow who has not been so married.

The appellant contends she was legally married to the decedent by a common-law marriage consummated in the state of Texas where common-law marriages are recognized, and that she and decedent lived together as husband and wife for approximately 14 years. Her attorney points to sec. 20–21, W.S.1957, which states that all marriage contracts without this state, which would be valid by the laws of the country in which the same were contracted, shall be valid in the courts of this state. He then argues that the trial court has erroneously interpreted sec. 27–87 as implying a requirement that a ceremonial marriage must have been performed and asks us to reverse this action by placing a definitive interpretation on the statute consistent with the full faith and credit provision of the federal constitution. In this way he seeks to avoid a direct constitutional attack upon the statutes [2] although he says there exists a constitutional question which should properly be decided by this Court.

■ If the statute is plain and unambiguous, as we think it is, we may not give it a different meaning, Town of Clearmont v. State Highway Commission (Wyo.1960), 357 P.2d 470, 475. We agree with the trial

court that the statutes do deny to the widow of a common-law marriage validly consummated in another state the benefits of our workmen's compensation law.

The Treasurer contends that the decision in this case and the denial of benefits to the claimant is clearly sustained by the previous decision of this Court in Trent v. Union Pacific Railroad Company (1951), 68 Wyo. 146, 231 P.2d 180 where this Court held that secs. 27–49 [II.] (d) and 27–87, as above cited, were a proper classification under the directions of sec. 4 of Art. 10 of the Wyoming Constitution and that the classification there made did not violate the equal protection clause of the federal constitution. The dismissal of the claim by the trial court is consistent with that contention.

A majority of the Court are in agreement that under the qualifications hereinafter expressed the decision in Trent must be reexamined for the purpose of considering whether the two provisions of the workmen's compensation act, cited above, properly carry out the mandate of Art. 10, sec. 4 of the Wyoming Constitution directing the legislature by law to provide for compensation according to proper classification to the dependent families of such employees as die as the result of industrial accidents, and also whether such classification as has been made in said act, confining the benefits thereof to only the surviving spouse of a legal ceremonial marriage, is valid under the provisions of Art. 1, secs. 2 and 3 of the Wyoming Constitution and the equal protection clause of the Fourteenth Amendment to the federal constitution. We think that such reexamination is required in the light of recent decisions of the Supreme Court of the United States, in Gomez v. Perez (1973), 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56; Weber v. Aetna Casualty and Surety Company (1972), 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768; Levy v. Louisiana (1968), 391

2. Claimant's counsel does not mention sec. 27–49 [II.] (d), W.S.1957, the provisions of which are set forth above. We feel that any

discussion of the compensation statutes should include this provision.

U.S. 68, 88 S.Ct. 1509, 20 L.Ed. 436; and Glona v. American Guarantee and Liability Insurance Company (1968), 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441. See also Davis v. Richardson (1972), 342 F.Supp. 588, aff'd 409 U.S. 1069, 93 S.Ct. 678, 34 L.Ed.2d 659.

■■■ In reaching this decision we have in mind the rule that a court will not pass upon the constitutionality of a statute when the case can be completely and effectively disposed of without such decision on constitutional grounds. State ex rel. Fire Fighters Local 279, I. A. F. F. v. Kingham (Wyo.1966) 420 P.2d 254, 256, and cases there cited. In the present case, the necessity to pass upon the constitutionality of the statutory exclusion of common-law wives arises only if claimant was validly married to the decedent under the laws of Texas. Counsel for the objectors and the trial judge were of the opinion that that question was immaterial because only the widow of a ceremonial marriage could recover. While it is quite possible that under the evidence which claimant was permitted to introduce without objection a prima facie case of valid common-law marriage was established, the issue of marriage was not tried in such a way as to give us the benefit of the trial court's decision upon any disputed question of fact, and his action in sustaining the motion to dismiss, made at the close of claimant's case, was clearly predicated upon the theory that any evidence bearing on validity was immaterial. Under these circumstances and unless we are to affirm the validity of the marriage on the basis of only a prima facie case without rebutting evidence in behalf of the objectors, we believe that there must be further proceedings in the court below. Nothing we now say is to be considered as an affirmance of the validity of the alleged marriage under Texas laws.

Under these circumstances we consider it best to remand the proceedings to the trial court with instructions to permit both the Treasurer and the employer by supplemental answer or otherwise to state whether they admit or deny the existence of a common-law marriage under Texas law. In the event such marriage is denied the trial court shall then hold as expeditiously as possible a trial upon such issue, and thereafter make such findings and judgment as are consistent therewith and forward the same, together with a transcript of the proceedings to this Court for further consideration by us.[3]

Should the parties stipulate that a marriage valid under Texas or other foreign law was entered into, or upon receipt of any supplemental pleadings and transcript, we can then review the basic question of marriage under the usual principles of appellate review and if necessary proceed to a determination of the constitutional questions.

Remanded for further proceedings as indicated, with jurisdiction retained in this Court for further consideration.

PARKER, Chief Justice, in which GUTHRIE, Justice, joins, dissenting.

I am unable to join in the disposition of the case and consider that this court is attempting to resolve matters which were in no way presented below, specifically, an interpretation of Art. 10, sec. 4, Wyoming Constitution. Any such extreme departure from the accepted rule that an appellate court should consider only matters presented in the trial court is unwarranted by the circumstances disclosed in the record.

I would affirm.

---

3. Should the validity of the Texas marriage be denied, and inasmuch as unusal expense might be involved in that event, the provisions of Rule 37(c), W.R.C.P., pertaining to expenses, may be pertinent.