Lynn FARR, Appellant (Plaintiff),

v.

C. Emery LINK, Appellee (Defendant).

No. 87–171.

Supreme Court of Wyoming.

Dec. 1, 1987.

Richard H. Peek, Casper, for appellant.

John C. Hoard, Casper, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

This is an appeal from a summary judgment entered in favor of defendant C. Emery Link (appellee herein) upon the complaint of plaintiff Lynn Farr (appellant herein) asking for a determination of the parties' respective "rights, status, and legal relations" under the assignment of a claim.

We reverse and remand.

Plaintiff states the sole issue as follows:

"DID THE DISTRICT COURT COMMIT ERROR IN AWARDING [DEFENDANT] SUMMARY JUDGMENT ON THE BASIS THAT THE WRITTEN ASSIGNMENT OBLIGATED [DEFENDANT] TO PAY TO [PLAINTIFF] ONLY ONE–HALF OF THE PRINCIPAL SUM ASSIGNED TO [DEFENDANT] FOR COLLECTION, RATHER THAN ONE–HALF OF THE PRINCIPAL, INTEREST AND COSTS?"

In May 1969, plaintiff obtained a promissory note from Perry Manus for $11,152.68, which represented the balance due on a judgment she held against Manus. The note did not provide for interest. On January 24, 1973, plaintiff executed an "ASSIGNMENT AND AFFIDAVIT OF ACCOUNT" prepared by defendant, assigning to defendant the demands she had against Manus, specifically $10,908.68 (the amount owing on the 1969 note) plus interest and costs. This instrument provided that the assignment was "at 50%."

In February 1973, defendant obtained a second promissory note from Manus for $13,782.12, the balance due on the 1969 note plus attorney's fees and costs incurred to that date. This second note provided for interest at seven percent per annum and monthly payments of $150. Manus defaulted on this second note, and, in December 1973, defendant obtained a judgment against him. From February 1973 through February 1986, defendant collected approximately $20,310.97 from Manus on the note.[1] The record discloses that, out of the $20,000 plus collected by defendant, slightly more than $8,000 has been paid over to plaintiff. According to plaintiff's calculations, the discrepancy between the amount paid over to her and one-half of the amount collected by defendant is $2,129.61. Defendant claims these sums were withheld as reimbursement for costs and attorney's fees.

On August 26, 1986, plaintiff filed a complaint pursuant to the Uniform Declaratory Judgments Act, §§ 1–37–101 through 1–37–

---

1.  Apparently, much or most of the amount collected by defendant was credited to interest, costs, and attorney's fees. Defendant's accounting of February 1986 indicated an outstanding balance owed by Manus of $13,200.56, an amount nearly equal to the amount of the second promissory note. Defendant, in his brief, indicates this amount is substantially inflated due to his erroneous calculation of interest at ten percent rather than seven percent, and he asserts the amount owing is actually significantly less.

114, W.S.1977, seeking a determination as to the rights and duties between the parties in relation to the assignment. Plaintiff asserted that, under the terms of the assignment, she was entitled to receive 50% of all moneys collected from Manus. Defendant, in his answer, maintained that the assignment entitled plaintiff to, at most, only 50% of the amount of the 1969 note—approximately $5,454—indicating that plaintiff actually had been overpaid.[2] After a hearing on cross-motions for summary judgment, the district court issued a decision letter granting summary judgment to both parties on the claims asserted against them. In its ruling, the district court found that plaintiff was entitled to only 50% of the original principal amount assigned to defendant. This appeal followed.

The propriety of granting summary judgment depends upon the dual findings that there is no genuine issue of material fact and that the prevailing party is entitled to judgment as a matter of law. *White v. L.L. Smith Trucking*, Wyo., 742 P.2d 1286 (1987). In this case, the facts are not in dispute. We are called upon, rather, to construe the meaning of the assignment and to determine whether defendant was entitled to judgment as a matter of law. On a question of law, an appellate court accords no special deference to and is not bound by a district court's decision. *State Board of Control v. Johnson Ranches, Inc.*, Wyo., 605 P.2d 367 (1980). We turn, therefore, to the assignment at issue.

We first observe that an assignment is a contract and is interpreted or construed according to the rules of contract construction. 6A C.J.S., Assignments §§ 4 and 72 (1975). Our rules of contract construction are well established. The construction or interpretation of a contract is a question of law for the court. *Kelliher v. Herman*, Wyo., 701 P.2d 1157 (1985). The basic purpose in construing or interpreting a contract is to determine the intent of the parties. *State v. Moncrief*, Wyo., 720 P.2d 470 (1986), citing *Amoco Production Company v. Stauffer Chemical Company of Wyoming*, Wyo., 612 P.2d 463 (1980). If the contract is in writing and the language is clear and not ambiguous, the intention of the parties is to be secured from the words of the agreement. *Nelson v. Nelson*, Wyo., 740 P.2d 939 (1987).

In this case, both parties contend that the assignment was unambiguous. We agree. An ambiguous contract is an agreement which is obscure in its meaning because of indefiniteness of expression or because of a double meaning being present. *E & E Mining, Inc. v. Flying "D" Group, Inc.*, Wyo., 718 P.2d 58 (1986). Whether ambiguity exists in a contract is a question of law. *Hensley v. Williams*, Wyo., 726 P.2d 90 (1986). Here, the language of the questioned assignment provides that plaintiff assigns to defendant her

> "certain demands against Perr[y] Manus, said demand being $10,908.68 plus interest and costs, with full power to settle, collect, compromise or sue for the same * * *."

The words "assigned at 50%" appear at the top of the instrument. This assignment is not indefinite nor does it convey a double meaning. It is not ambiguous.

Finding no ambiguity, we must discern the intent of the parties solely from the words of the agreement. *Nelson v. Nelson*, supra. In so doing, we are forced to disagree with the district court's construction of the assignment. The words used do not say, and cannot be read as saying, that plaintiff was entitled to receive only one-half of the principal amount owing on the note. By the terms of the assignment, as we read them, plaintiff assigned her rights to principal, interest, and costs, and she was to receive one-half of such amounts collected. This construction also is consistent with the principle that a contract will be construed most strongly against the party who drafted it. *Landen v. Production Credit Association of Midlands*, Wyo., 737 P.2d 1325 (1987). Defendant prepared the instrument, and he should be bound by its terms.

2. Both parties sought additional relief, the denial of which is not at issue in this appeal.

Defendant argues, and the district court found, that such a construction operates in contravention of the general rule that one cannot assign more than one has coming. *First Wyoming Bank, N.A., Sheridan v. First National Bank,* Wyo., 612 P.2d 469 (1980); *Pioneer Investment Corporation v. Kassler & Company,* Wyo., 408 P.2d 803 (1965). We do not agree. This argument is premised on the fact that plaintiff had no right to interest under the terms of the 1969 promissory note. In this regard, we would note that the assignment instrument makes no reference to the 1969 note but rather speaks in terms of plaintiff's "demands" against Manus. In addition, the second promissory note, obtained by defendant from Manus, was made "to the order of Link Collection Service *and* Lynn Farr." (Emphasis added.) More importantly, however, as holder of the 1969 note prior to assignment, plaintiff had the right to renegotiate the note to include interest and costs, as was done by defendant. She then also could have obtained a default judgment on such note providing for interest and costs, as was done by defendant. The assignment operated to pass these rights and remedies to defendant as assignee.

"In the absence of a contrary intention, an assignment usually passes as incidents all ancillary remedies and rights of action which the assignor had or would have had for the enforcement of the right or chose assigned." 6A C.J.S., supra, § 77 at 721.

By renegotiating the promissory note, obtaining a judgment against Manus, and thereby providing for interest and costs, defendant was exercising only the rights and remedies previously held by plaintiff and assigned to defendant. Plaintiff did not assign more than she possessed. The rights and remedies exercised by defendant originated in plaintiff, and the assignment clearly provided that plaintiff was to receive one-half of all moneys collected in connection with her demands against Manus.

We cannot, as a matter of law, agree with the district court's construction of the assignment in favor of defendant. We hold that the assignment, by its terms, provides that plaintiff is entitled to receive one-half of all moneys collected by defendant from Manus.

Reversed and remanded for further proceedings consistent with this opinion.