2011 WY 166

**EXCEL CONSTRUCTION, INC.,**
a Wyoming corporation,
Appellant (Plaintiff),

v.

**TOWN OF LOVELL, WYOMING,**
an incorporated municipality,
Appellee (Defendant).

No. S–11–0001.

Supreme Court of Wyoming.

Dec. 20, 2011.

Representing Appellant: Patrick J. Murphy of Williams, Porter, Day & Neville, P.C., Casper, Wyoming.

Representing Appellee: Tracy J. Copenhaver of Copenhaver, Kath, Kitchen & Kol-

pitcke, LLC, Powell, Wyoming; Bradley D. Bonner of Bonner Stinson, P.C., Cody, Wyoming. Argument by Mr. Copenhaver.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Excel Construction, Inc. (Excel) entered into a contract with the Town of Lovell to replace the Town's water and sewer system mains and service connections. Excel subsequently filed a complaint against the Town for breach of that contract and related claims. The district court dismissed Excel's claims for failure to submit a governmental notice of claim that met the itemization requirements of the Wyoming Constitution and the Wyoming Governmental Claims Act. We reverse.

## ISSUES

[¶ 2] Excel presents its issues on appeal as follows:

A. Whether the District Court erred when it found that Excel Construction did not present an "Itemized Statement" in its Notice of Claim.

1. Did Excel Construction need to further categorize its $2,688,173.80 in claimed damages with the missing "Exhibit A Page?"

2. Did Excel Construction's Notice of Claim contain all the information required by the Constitution, the Wyoming Governmental Claims Act, and the Wyoming Supreme Court (even without the "Exhibit A Page?")?

B. Should Excel's counsel's clerical mistake be corrected pursuant to Rule 60(a), W.R.Civ.P.?

C. Did Excel Construction timely present its First Amended Notice of Claim to the Town of Lovell on July 10, 2009?

D. Did Excel Construction properly present its Notice of Claim and First Amended Notice of Claim to the Town Mayor and Town Administrator (instead of to the Town Treasurer)?

E. Did the District Court somehow "lose" its subject matter jurisdiction when

Excel Construction filed its Amended Complaint without the *Beaulieu II* averments (after filing its original Complaint with the *Beaulieu II* averments)?

## FACTS

[¶ 3] On March 15, 2006, Excel and the Town of Lovell entered into a contract for Excel to replace the Town's water and sewer system mains and service connections. The parties disagree as to the date on which the project reached substantial completion and the date on which Excel last performed work on the project, but they do agree that within the statutorily prescribed time, on January 24, 2008, Excel served a Notice of Claim on the Town.

[¶ 4] Excel served its Notice of Claim by certified mail with copies delivered to Town Mayor Bruce Morrison, Town Administrator Bart Grant, Town Attorney Sandra Kitchen, and Frank Page of HKM Engineering, the Town's project engineer. The Notice of Claim was a four page document that contained four identified categories of information: 1) "Time, Place and Circumstances of the Loss or Injury;" 2) "Claimant and Its Attorneys;" 3) "Compensation;" and 4) "Service this Notice of Claim."

[¶ 5] The "Compensation" paragraph of the Notice of Claim set forth the monetary damages that Excel sought from the Town and its officials. The paragraph detailed those damages as follows:

Lovell has failed to pay Excel the monies owed under the contract, including that for retainage, change orders, and affirmative claims, all in breach of the Construction Agreement. An itemized statement of the amount owed to Excel is attached hereto as Exhibit A. In sum, it shows that Lovell owes Excel at least $2,688,173.80. Excel seeks these $2,688,173.80 in damages for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and declaratory judgment.

[¶ 6] When Excel served its Notice of Claim on the Town of Lovell, its attorney inadvertently failed to attach the "Exhibit A" referred to in the paragraph detailing Excel's

damages. "Exhibit A" broke down Excel's claimed damages as follows:

| | |
|---|---|
| 1. Retainage | $ 512,084.00 |
| 2. Additional work completed between 11/1/06 and 8/24/07 | $ 739,169.25 |
| 3. Additional Work Impacts Reports 1–90 | $ 715,166.34 |
| 4. Additional Work Impact Report 91 | $ 68,010.96 |
| 5. Additional Work Impact Report 92 | $ 353,089.28 |
| 6. Additional Work Impact Report 93 | $ 264,277.81 |
| 7. Additional Work Impact Reports MDU | $ 20,356.16 |
| 8. Excel Letter 344/HKM# 6 (4/24/06) re: Annodes | $ 16,020.00 |
| | $2,688,173.80 |

[¶ 7]  Bruce Morrison, Town Mayor, and Bart Grant, Town Administrator, both noticed and discussed with each other that the "Exhibit A" referenced in the Notice of Claim was not attached to the document they received. Mayor Morrison did not attempt to obtain a copy of the missing exhibit or seek to have the claim audited. He instead referred Excel's claim to the Town's attorney for further handling.

Q:  You knew as mayor that you were going to quickly just turn it over to your lawyer for further handling?

A:  That's—that's pretty much the way we do things. We'd been advised by our counsel to do that.

*  *  *  *

Q:  As the mayor and as the town, you never intended to do a review and/or audit of that Notice of Claim because you perceived that it was going into litigation very quickly?

A:  I as the mayor did that, yes.

Q:  Did anybody with the town suggest to you that the town should perform a review and/or audit of that Notice of Claim?

A:  They did not.

Q:  And you didn't ask anybody to?

A:  I did not.

[¶ 8]  On February 5, 2008, Excel filed its Complaint against the Town of Lovell. Paragraph 13 of Excel's Complaint alleged compliance with the signature and certification requirements of Article 16, Section 7 of the Wyoming Constitution and the filing requirements of the Wyoming Governmental Claims Act, as required by this Court's ruling in *Beaulieu v. Florquist,* 2004 WY 31, 86 P.3d 863 (Wyo.2004)(*Beaulieu II*), *overruled on other grounds by Brown v. City of Casper,* 2011 WY 35, 248 P.3d 1136 (Wyo.2011). On June 13, 2008, Excel filed its first Amended Complaint, in which it added HKM Engineering as a party. Due to a drafting oversight, Paragraph 13 of Excel's original Complaint was not included in Excel's first Amended Complaint.

[¶ 9]  On July 10, 2009, Excel learned that the Notice of Claim it served on the Town of Lovell did not have the referenced "Exhibit A" attached to it. On that same date, Excel notified the Town of the omission and served on it a First Amended Notice of Claim that included the previously omitted "Exhibit A."

[¶ 10]  On June 17, 2010, the Town of Lovell filed a summary judgment motion. The Town alleged it was entitled to summary judgment on three separate grounds: 1) Excel failed to timely file with the Town a Notice of Claim with the required full itemization of damages; 2) Excel failed to serve its Notice of Claim on the proper town officer, specifically, the town treasurer; 3) Excel's first Amended Complaint failed to plead compliance with the *Beaulieu II* requirements. On July 8, 2010, Excel filed a Motion for Leave to File a Second Amended Complaint wherein it sought "leave to file its Second Amended Complaint to reassert (and to expound upon) allegations originally contained in its original Complaint, but that were accidently, inadvertently, unknowingly, and unintentionally deleted when plaintiff later filed its Amended Complaint."

[¶ 11]  The district court concluded that because Excel omitted "Exhibit A" from its original Notice of Claim, the Notice of Claim failed to provide a full itemization of Excel's damages as required by the Wyoming Constitution and the Governmental Claims Act. It further concluded that Excel's attempt to amend its Notice of Claim failed because the First Amended Notice of Claim was not filed within two years of the alleged act, error or omission that gave rise to Excel's claim, as required by the Governmental Claims Act. The district court finally concluded that due to Excel's failure to comply with the Governmental Claims Act in its submission of its original Notice of Claim, the court had no subject matter jurisdiction and could not rule

on Excel's Motion for Leave to File a Second Amended Complaint. On these grounds, the district court granted the Town of Lovell's Motion to Dismiss and/or Motion for Summary Judgment and dismissed Excel's claims against the Town.

## STANDARD OF REVIEW

[¶ 12]  The district court ruled that the Town of Lovell was entitled to judgment as a matter of law because the court lacked subject matter jurisdiction. "The existence of subject matter jurisdiction is a question of law that we review *de novo.*" *Madsen v. Bd. of Trustees of Mem'l Hosp. of Sweetwater Cty.*, 2011 WY 36, ¶ 9, 248 P.3d 1151, 1153 (Wyo.2011).

## DISCUSSION

### *Itemization of Excel's Claim*

[¶ 13]  The Town of Lovell contends that Excel's failure to attach its "Exhibit A" to its Notice of Claim rendered that notice constitutionally inadequate with respect to the itemization of its damages. The omission of the exhibit is the Town's only objection to the notice, and it is the Town's position that in all other respects the Notice of Claim, at least as to its content, met the requirements of the Wyoming Governmental Claims Act and Article 16, Section 7 of the Wyoming Constitution. The district court agreed and held that because Excel failed to categorize its damages, as it had in the omitted exhibit, its Notice of Claim was fatally defective.

[¶ 14]  The Town of Lovell and the district court read the constitutional and statutory damage itemization requirements, and our cases interpreting those requirements, as mandating some level of categorization of the damages demanded by a claimant. We disagree.

[¶ 15]  Article 16, Section 7 of the Wyoming Constitution requires that a claim be submitted as "a full itemized statement in writing, certified to under penalty of perjury." The Governmental Claims Act likewise requires that a governmental claim be presented to the entity as an itemized statement in writing. Wyo. Stat. Ann. § 1–39–113(a)

(LexisNexis 2011). It provides in particular that the claim state:

(i) The time, place and circumstances of the alleged loss or injury including the name of the public employee involved, if known;

(ii) The name, address and residence of the claimant and his representative or attorney, if any; and

**(iii) The amount of compensation or other relief demanded.**

Wyo. Stat. Ann. § 1–39–113(b) (LexisNexis 2011) (emphasis added).

[¶ 16]  We have held that the primary purpose to be served by the filing of a notice of claim is "to provide governmental entities with notice to assist them in budgeting and financial decision making." *Madsen,* ¶ 15, 248 P.3d at 1154 (citing *Hochalter v. City of Gillette,* 2005 WY 125, ¶ 21, 120 P.3d 674, 680 (Wyo.2005)). Our decisions recognize that this purpose is served, and the statutory and constitutional itemization requirements are met, when a claimant specifies the dollar amount of damages being demanded. *See Madsen,* ¶¶ 17–19, 248 P.3d at 1154–55; *City of Gillette v. Hladky Constr., Inc.,* 2008 WY 134, ¶¶ 22–26, 196 P.3d 184, 194–95 (Wyo.2008). Our decisions in those cases turned not on the categorization of the damages but on the identification of a specific damages amount.

[¶ 17]  In *Hladky,* the notice of claim quantified the damages sought as the difference between the claimant's bid price and the actual cost incurred in completing the contract. *Hladky,* ¶ 25, 196 P.3d at 195. An attached exhibit set forth the total damages as $1,300,016.57 and separated that total into five categories, two of which were further broken down into subcategories. We concluded that the notice of claim set forth the damages the claimant alleged resulted from the city's conduct and thus complied with § 1–39–113. *Hladky,* ¶ 26, 196 P.3d at 195. In so holding, we stated:

Pursuant to this provision, the notice of claim is not required to specify the legal theories upon which the claimant is relying. Instead, the notice of claim is required to state in pertinent part "the time, place and circumstances of the alleged loss

of injury" and **the amount of compensation demanded.**

*Id.*, ¶ 23, 196 P.3d at 195 (emphasis added).

[¶ 18]   In *Madsen*, the notice of claim alleged total damages in the amount of $750,000 and separated that total into four general categories: direct contractual damages, consequential damages, lost income, and relocation. We held that this itemization complied with the requirements of § 1–39–113(b) and Article 16, Section 7 of the Wyoming Constitution. *Madsen*, ¶ 19, 248 P.3d at 1155.

[¶ 19]   Although we held in *Hladky* and *Madsen* that the general categorization of damages in those cases satisfied the constitutional and statutory itemization requirements, we did not hold that the categorization itself is an independent requirement. That is, our decisions in *Hladky* and *Madsen* did not depend on the claimants' classification or categorization of the damages in their notices of claim. Nor in those cases did we endeavor to define the number or types of categories into which damages should be broken. The critical finding in each of the cases was the claimant's specification of the amount they were requesting in damages.

[¶ 20]   It is difficult for any claimant to know what approach a given entity may take to its investigation or "audit" of a claim, if any. As a practical matter, many governmental entities may immediately turn their claims over to legal counsel without any further investigation, as the record shows the Town of Lovell did in this case. This of course makes it especially difficult to gauge what level of detail may be necessary to make a damages categorization at all useful or helpful.

[¶ 21]   That the Governmental Claims Act, the Constitution, and our prior decisions do not require a claimant to engage in such an exercise is illustrated by our review of the categories the claimants used in *Hladky* and *Madsen*. In *Hladky*, the claimant separated its damages into five categories: extended overhead cost impact, direct cost impacts, other costs, insurance and bonding, and sales tax increase. The "direct cost impacts" and "other costs" categories were further broken down into subcategories that we did not discuss or identify in the decision. *Hladky*, ¶ 25, 196 P.3d at 195. That we did not devote much discussion to the categories, or even identify the subcategories, indicates the lack of emphasis this Court placed on the categorization as compared to the requirement that the claimant's notice provide a clear identification of the total damages amount being demanded.

[¶ 22]   The same is true in *Madsen*. The claimant in that case separated his damages into four categories: direct contractual damages, consequential damages, lost income, and relocation. *Madsen*, ¶ 19, 248 P.3d at 1155. These are plainly broad and general categories that could only minimally assist an entity's investigation of the claims, if at all. Again, the bottom line in our decision was the claimant's clear identification of the total amount of damages he was demanding.

[¶ 23]   Likewise in this case, neither the Town of Lovell nor the district court explained how including Excel's "Exhibit A" as part of the Notice of Claim would have meaningfully enhanced the Town's ability to act on the Claim. As in *Hladky* and *Madsen*, the categories into which Excel broke its damages were broad and general. In fact, the two of Excel's categories that account for the greatest compensation demanded, both in excess of $700,000, are labeled with little more information than "additional work." Specifically, Item No. 2 is for additional work over a ten-month period, and Item No. 3 is for additional work over ninety work reports. The categories, like those in *Hladky* and *Madsen*, specify the dollar amounts of damages demanded, but do little more than that. We cannot agree with the Town of Lovell or the district court that this breakdown of the total damages into general categories could transform a claim from one that is constitutionally infirm to one that is a constitutionally and statutorily adequate itemization, or transform a vague claim into one that is sufficiently auditable.

[¶ 24]   Given the limited information provided by the categorization of damages we have seen in our prior cases and in this case, we would be elevating form over substance to hold that it is mandated. The itemization

required by Article 16, Section 7 of the Constitution and § 1–39–113(b)(iii) is a statement of the dollar amount of damages demanded. *Hladky*, ¶ 23, 196 P.3d at 195.

[¶ 25]   The Town of Lovell argues that even if this Court were to conclude that the damages itemization required is simply a statement of the damages demanded, Excel's notice of claim was nonetheless defective because it specified its demanded compensation as a minimum amount of "at least $2,688,173.80." The Town contends that a demand made in such terms, with no maximum amount identified, is impossible for an entity to evaluate and plan for in its budget. It thus argues that to allow the claim to stand would undermine the primary planning and budget purpose served by the notice of claim requirement.

[¶ 26]   The Town's argument misconstrues Excel's demanded compensation. Excel's Notice of Claim set forth its damages as follows:

> Lovell has failed to pay Excel the monies owed under the contract, including that for retainage, change orders, and affirmative claims, all in breach of the Construction Agreement. An itemized statement of the amount owed to Excel is attached hereto as Exhibit A. In sum, it shows that Lovell owes Excel at least $2,688,173.80. **Excel seeks these $2,688,173.80 in damages** for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and declaratory judgment.

(Emphasis added.)   In referring to the amounts categorized in its "Exhibit A," Excel used the words "at least." In its demand for damages in the next sentence, however, Excel used only the dollar amount, with no qualifying terms. We are satisfied that the amount demanded is the specific dollar amount: $2,688,173.80.

[¶ 27]   Having concluded that Excel identified the precise dollar amount of damages it was seeking in its Notice of

Claim, we hold that Excel's Notice of Claim met the itemization requirements of Wyo. Stat. Ann. § 1–39–113(b)(iii) and Article 16, Section 7 of the Constitution. Because we find Excel's Notice of Claim adequately itemized the damages it was demanding, we do not address Excel's W.R.C.P. 60(a) argument or the timeliness of its Amended Notice of Claim.[1]

### *Notice of Claim Service on Proper Town Official*

[¶ 28]   In its dispositive motion before the district court, the Town of Lovell argued that Excel's Notice of Claim was also constitutionally defective because it was served on the Town Mayor and the Town Administrator, but not on the Town Treasurer. On appeal, the Town declined to present argument on this issue because the district court did not rule on the question below. Because it is not clear that the Town has abandoned this position, and to avoid piecemeal consideration of the jurisdictional issues raised before the district court, we will take this opportunity to address the question.

[¶ 29]   Article 16, Section 7 of the Wyoming Constitution provides that no claim against a government entity shall be allowed or paid "until a full itemized statement in writing, certified to under penalty of perjury, shall be filed with the officer or officers whose duty it may be to audit the same." The Town of Lovell argues that pursuant to Wyo. Stat. Ann. § 15–2–203, it is the Town's Treasurer whose duty it is to audit governmental claims against the Town, and thus Excel's failure to serve its Notice of Claim on the Treasurer rendered the notice constitutionally infirm. We find no support for the Town's argument in the referenced statute or in the Town's own practices, and therefore reject its argument.

[¶ 30]   Wyo. Stat. Ann. § 15–2–203 (LexisNexis 2011) provides as follows concerning the responsibilities of a town treasurer:

> This argument is misplaced. We do not require attorneys to reconcile the positions they argue in unrelated cases with unrelated parties. We decide a case based on the application of the controlling law to the facts of that particular case.

---

1.   Counsel for the Town of Lovell suggests that Excel's itemization arguments are undermined by the fact that counsel for Excel argued the opposite side of the issue in a separate and unrelated case, representing a different party.

The treasurer of the town shall keep his accounts so as to show when and from what sources all monies paid to him have been derived and to whom and when the monies or any part thereof have been paid out. His books, accounts and vouchers are at all times subject to examination by the governing body or any elector of the town. It is the duty of the treasurer to provide the governing body with a financial report at such times, but not less than quarterly, and in a form as the governing body requires.

The language of this provision cannot be stretched to find even an obligation for a town treasurer to perform an auditing function, let alone to find an interpretation that makes a town treasurer the sole town official upon whom a governmental claim may be served. It imposes only obligations with respect to how a town's accounts must be maintained, their availability for inspection and a town treasurer's reporting frequency.

[¶ 31] The Town's own practices further belie its proposed interpretation of § 15-2-203. Valerie Beal has been Lovell's Town Treasurer since 2002. The Town has not specifically designated in writing who is responsible for auditing or reviewing governmental claims, and Ms. Beal has never been told that it is one of her responsibilities. Although there have been at least three governmental claims against the Town of Lovell during Ms. Beal's tenure as Town Treasurer, Ms. Beal has never conducted a review or audit of a government claim filed against the Town.

[¶ 32] It is clear that the Town of Lovell has not in writing or by practice designated its Town Treasurer to be the official on whom governmental claims must be served. This would suggest at least some indication that the Town itself does not interpret § 15-2-203 to mandate that a town treasurer be the sole official responsible for receiving, reviewing and auditing governmental claims.

[¶ 33] Alternatively, the record does provide ample support for Excel's decision to serve its Notice of Claim on the Town Administrator and Town Mayor. The written job description for the Town Administrator assigns to the administrator, among other duties, the following responsibility:

Prepares annual Town budget by compiling revenue and expense figures; presents budget to Town Council; reviews, monitors and controls all financial transaction[s] of the Town.

[¶ 34] With respect to the Town Mayor, it was the mayor whom the Lovell Town Council designated to be the Town's representative on the water and sewer project. The minutes from a meeting of the Town Council on April 9, 2007, reflect that designation as follows:

Council discussed designating the Mayor as a representative to act in the Town's behalf on the North Water and Sewer Project without having to call special meetings as the project proceeds. Scott Allred made a motion to designate Mayor Bruce Morrison as the Town's official representative for the project with full authority to suspend or stop work, negotiate change orders, accept defective work at a reduced price, to file claims or respond to claims filed by Excel or Citizens and with full authority to execute on behalf of the Town all documents related thereto. Second by Jodi Lindsay. All in favor. Motion passed.

[¶ 35] We conclude that Excel complied with the service requirements of Article 16, Section 7 of the Wyoming Constitution when it served its Notice of Claim on the Lovell Town Mayor, Lovell Town Administrator, Lovell Town Attorney, and the Town's project engineer on the water and sewer project from which Excel's claims arose.

[¶ 36] In our decisions interpreting the statutory and constitutional provisions governing governmental claims, we have emphasized the need for claimants to strictly adhere to those claim requirements. The requirements are not, however, intended to be traps or to be used by governmental entities as traps. Regarding the designation of a governmental official to receive service of claims, we have said that

the appointment of the person charged with the auditing function should be memorialized in some official action of the governmental entity. At a minimum, such

established procedures and criteria will satisfy the requirements of the constitution.

*Beaulieu v. Florquist,* 2001 WY 33, ¶ 18, 20 P.3d 521, 527 (Wyo.2001). For future claims, should it be genuinely important to the Town of Lovell that its Town Treasurer be the town official served with all government claims, we encourage the Town to memorialize that requirement in some appropriate form of writing.

### District Court's Jurisdiction over Amended Complaint

[¶ 37] The final issue before this Court is whether the district court lost jurisdiction over this action when Excel filed its first Amended Complaint and inadvertently omitted the required constitutional and statutory governmental claim averments. The Town of Lovell in its brief on appeal stated that "based upon this Court's determination in *Brown v. City of Casper,* Lovell does not intend to pursue its argument that the Amended Complaint should be dismissed for failing to allege compliance with the statutory and constitutional requirements for bringing the claim."

[¶ 38] We agree with the Town that the issue was resolved in *Brown,* wherein this Court held that "subject matter jurisdiction is invoked upon the filing of a complaint alleging a claim against a governmental entity," and "in cases where a notice of claim has been properly presented but the complaint fails to allege that fact, district courts have the discretion to allow amendment of the complaint to cure the failure." *Brown v. City of Casper,* 2011 WY 35, ¶ 9, 248 P.3d 1136, 1139 (Wyo.2011). The district court has jurisdiction to rule on Excel's motion for leave to file a second amended complaint.

### CONCLUSION

[¶ 39] Excel's Notice of Claim identified the specific dollar amount of compensation it was demanding from the Town of Lovell and therefore met the damages itemization re-

quirements of Article 16, Section 7 of the Wyoming Constitution and Wyo. Stat. Ann. § 1–39–113(b)(iii). We further conclude that Excel served its Notice of Claim on the proper town officials and that the district court has jurisdiction to consider Excel's motion for leave to file a second amended complaint. We reverse and remand for further proceedings consistent with this opinion.[2]

---

**2.** The Town of Lovell objected to Appendices G, I, and N attached to Excel's Brief as documents extraneous to the record and not authenticated or reviewed by the district court. This Court did not consider the referenced exhibits, and the exhibits were not material to our decision. We therefore overrule the Town's objection.