# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 133

APRIL TERM, A.D. 2015

September 30, 2015

JEAN BEST,

Petitioner,

v.

S-15-0051

BRIANNA BEST,

Respondent.

*Original Proceeding*
*Petition for Writ of Review*
*District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

**Representing Petitioner:**
Douglas W. Bailey of Bailey, Stock & Harmon, P.C., Cheyenne, Wyoming.

**Representing Respondent:**
No appearance.

*Before BURKE, C.J., and HILL, KITE\*, DAVIS, and FOX, JJ.*

*\* Justice Kite retired from judicial office effective August 3, 2015, and pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2015), she was reassigned to act on this matter on August 4, 2015.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]   This case comes before the Court on a writ to review the district court's order dismissing a declaratory judgment granted by the circuit court.  The district court held that the circuit court did not have jurisdiction to decide a declaratory judgment action.  We hold that a cause of action seeking declaratory relief can be within the jurisdiction of the circuit court, so long as the circuit court has jurisdiction independent of the declaratory relief requested.  In this case, the circuit court had jurisdiction independent of the declaratory relief sought; therefore, it had jurisdiction to decide the declaratory judgment claim.  We reverse and remand.

## *ISSUE*

[¶2]   Did the circuit court have jurisdiction over claims for declaratory relief brought pursuant to the Wyoming Declaratory Judgments Act, Wyo. Stat. Ann. §§ 1-37-101, *et seq.*, when the recovery sought was an amount not exceeding $50,000?

## *FACTS*

[¶3]   This case concerns a dispute regarding who is entitled to the proceeds of a retirement annuity contract.  Kevin Best, the father of Brianna Best and ex-husband of Jean Best,[1] made contributions to employer-sponsored retirement accounts administered by the Variable Annuity and Life Insurance Company ("VALIC").  Approximately three years after Kevin executed the beneficiary designation on his retirement accounts currently in dispute, Kevin and Jean divorced.  Kevin died several years later.  VALIC determined that Jean was the primary beneficiary on the accounts and sent her a claims package.  Brianna disagreed and filed a complaint for declaratory judgment in circuit court against Jean[2] and VALIC, claiming she was entitled to the proceeds under her deceased father's annuity contract.

[¶4]   Brianna alleged that the circuit court "has jurisdiction pursuant to Wyo. Stat. Ann. § 5-9-128(a)(i) because the amount in controversy does not exceed fifty thousand dollars ($50,000), exclusive of court costs."  Brianna asserted only one claim, for declaratory relief pursuant to the Uniform Declaratory Judgments Act, Wyo. Stat. Ann. §§ 1-37-101, *et seq.*, and sought the following relief:

> Plaintiff demands that judgment be entered in her favor, declaring that:

---

[1] For the sake of clarity, we will refer to Kevin Best as "Kevin," Brianna Best as "Brianna," and Jean Best as "Jean."

[2] Jean was added as a defendant in the first amended complaint.

1

A. Defendant holds property belonging to the Estate of Kevin D. Best, deceased, consisting of Account (ending in) #042 and Account (ending in) #044;

B. Plaintiff is the sole heir of the Estate of Kevin D. Best, deceased;

C. No other person has a right to distribution of such accounts;

D. Plaintiff is entitled to payment of:
  1. The remaining funds in Account (ending in) #042 and Account (ending in) #044, held by Defendant VALIC;
  2. Pre and post-judgment interest;
  3. Attorneys' fees and costs necessary to bring this action; and
  4. Any other and further relief as the Court may deem just and appropriate.

Brianna filed two amended complaints, but these amendments did not change the assertion of jurisdiction, the nature of her claim, or the relief sought.

[¶5]   After a hearing on Jean's Renewed Motion for Summary Judgment, the circuit court entered summary judgment in favor of Jean, declaring "Defendant [Jean] Best, as the designated primary beneficiary on the retirement Accounts . . . is entitled to the proceeds of the Accounts" and ordering Defendant VALIC to "distribute the proceeds of the Accounts[.]"  Brianna appealed to the district court.  On appeal, the district court did not reach the merits of the case, instead holding that the circuit court lacked jurisdiction over the dispute because "[o]nly a district court has jurisdiction over matters brought under [the Declaratory Judgments Act], no matter the amount in controversy."

[¶6]   Jean's Petition for Writ of Review was granted on March 24, 2015, and the issue of the circuit court's jurisdiction is currently before this Court.[3]

***STANDARD OF REVIEW***

[¶7]   "The existence of subject matter jurisdiction is a question of law that we review *de novo.*" *Harmon v. Star Valley Med. Ctr.*, 2014 WY 90, ¶ 14, 331 P.3d 1174, 1178 (Wyo. 2014) (quoting *Excel Constr., Inc. v. Town of Lovell*, 2011 WY 166, ¶ 12, 268 P.3d 238, 241 (Wyo. 2011)).  We review questions of law *de novo* without affording deference to the decision of the district court.  *Carlson v. Flocchini Invs.*, 2005 WY 19,

---

[3] Initially, Jean filed an appeal to challenge the district court's ruling.  This Court dismissed that appeal on February 3, 2015, pursuant to Wyo. Stat. Ann. § 5-2-119 and W.R.A.P. 13.01(a).  *See Kittles v. Rocky Mountain Recovery, Inc.*, 1 P.3d 1220, 1222 (Wyo. 2000) ("[W]hen an appeal is taken to a district court from an order of a [circuit court], review of the district court's order comes to this Court, not as a notice of appeal, but as a petition for writ of review pursuant to W.R.A.P. 13.").

¶ 9, 106 P.3d 847, 852 (Wyo. 2005); *Hermreck v. UPS*, 938 P.2d 863, 866 (Wyo. 1997); *Griess v. Office of the Atty. Gen., Div. of Criminal Investigation*, 932 P.2d 734, 736 (Wyo. 1997). Moreover, a court's subject matter jurisdiction may be challenged at any time. *Harmon*, 2014 WY 90, ¶ 14, 331 P.3d at 1178; *N. Laramie Range Found. v. Converse Cty. Bd. of Cty. Comm'rs*, 2012 WY 158, ¶ 22, 290 P.3d 1063, 1073 (Wyo. 2012).

[¶8] Statutory construction is also a question of law, and hence the standard of review is *de novo*. *Harmon*, 2014 WY 90, ¶ 15, 331 P.3d at 1178; *Powder River Basin Res. Council v. Wyo. Oil & Gas Conservation Comm'n*, 2014 WY 37, ¶ 19, 320 P.3d 222, 228 (Wyo. 2014). As we have long held:

> In interpreting statutes, this Court must endeavor to find the reasonable intent of the drafters. We begin by examining the ordinary and obvious meaning of the words employed according to their arrangement and connection. When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and need not invoke our longstanding rules of statutory construction.

*Harmon*, 2014 WY 90, ¶ 15, 331 P.3d at 1178 (citations omitted); *see also Int'l Ass'n of Firefighters Local Union No. 279 v. City of Cheyenne*, 2013 WY 157, ¶ 9, 316 P.3d 1162, 1166 (Wyo. 2013) ("A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability." (citation omitted)).

## *DISCUSSION*

[¶9] The sole question before us is whether the circuit court had jurisdiction over the Respondent's declaratory judgment complaint in which she invoked Wyoming's Declaratory Judgments Act, Wyo. Stat. Ann. §§ 1-37-101, *et seq.* (LexisNexis 2015), seeking a declaration that she is entitled to the proceeds contained in her deceased father's retirement annuity accounts.

[¶10] The notion that a court must have subject matter jurisdiction before it can act upon a matter is fundamental to the operation of our judicial system. It is well established that a "judgment may properly be rendered against a party only if the court has authority to adjudicate the type of controversy involved in the action." Restatement (Second) of Judgments § 11, at 108 (1982); *see also Granite Springs Retreat Ass'n v. Manning*, 2006 WY 60, ¶ 5, 133 P.3d 1005, 1009 (Wyo. 2006). As we have explained, "[s]ubject matter jurisdiction is essential to the exercise of judicial power. If a court does not have subject matter jurisdiction, 'it lacks any authority to proceed, and any decision, judgment, or

other order is, as a matter of law, utterly void and of no effect for any purpose.'" *State Farm Mut. Auto. Ins. Co. v. Kunz*, 2008 WY 71, ¶ 6, 186 P.3d 378, 380 (Wyo. 2008) (citations omitted); *see also Mut. of Omaha Ins. Co. v. Blury-Losolla*, 952 P.2d 1117, 1119 (Wyo. 1998); *United Mine Workers of America Local 1972 v. Decker Coal Co.*, 774 P.2d 1274, 1283-84 (Wyo. 1989).

[¶11] Wyoming courts derive their jurisdiction from the Wyoming Constitution and from the Wyoming legislature. Article 5, section 1 of the Wyoming Constitution entrusts judicial power to the "supreme court, district courts, and such subordinate courts as the legislature may, by general law, establish and ordain from time to time." Wyo. Const. art. 5 § 1. The constitution further establishes district courts as courts of general original jurisdiction:

> The district court shall have original jurisdiction of all causes both at law and in equity and in all criminal cases, of all matters of probate and insolvency and of such special cases and proceedings as are not otherwise provided for. ***The district court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court[.]***

Wyo. Const. art. 5, § 10 (emphasis added); *see also Granite Springs Retreat*, 2006 WY 60, ¶ 6, 133 P.3d at 1010 (District courts have jurisdiction in all cases "in which jurisdiction shall not have been by law vested exclusively in some other court.").

[¶12] In contrast, circuit courts are courts of limited original civil subject matter jurisdiction over only those matters outlined in Wyo. Stat. Ann. § 5-9-128 (LexisNexis 2015), which include "[a]n action where the prayer for recovery is an amount not exceeding fifty thousand dollars[.]" Wyo. Stat. Ann. § 5-9-128(a)(i).

[¶13] The district court looked to that statute and concluded that because the legislature did not specifically grant the power to the circuit courts to resolve cases brought under the Declaratory Judgments Act, only a district court could have jurisdiction over those cases. The court held: "An action brought under the Declaratory Judgments Act is not one of those enumerated in Wyoming Statute § 5-9-128. Only a district court has jurisdiction over matters brought under [] this Act, no matter the amount in controversy."

[¶14] Jean takes the position that the circuit court did have jurisdiction because the prayer for recovery is within the jurisdictional limits of the circuit court as required by Wyo. Stat. Ann. § 5-9-128. We agree.

4

[¶15]  The Wyoming Declaratory Judgments Act provides:

> ***Courts of record within their respective jurisdictions*** may declare rights, status and other legal relations whether or not further relief is or could be claimed.  No proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for.  The declaration may be either affirmative or negative in form and effect, and such declarations shall have the effect of a final judgment.

Wyo. Stat. Ann. § 1-37-102 (emphasis added).

[¶16]  The legislature has directed that the purpose of the Declaratory Judgments Act is "to settle and to afford relief from uncertainty and insecurity with respect to legal relations, and [it] is to be liberally construed and administered."  Wyo. Stat. Ann. § 1-37-114.  As a result, Wyoming courts "do not interpret it in a narrow or technical sense[.]" *Wyo. Cmty. College Comm'n v. Casper Cmty. College Dist.*, 2001 WY 86, ¶ 13, 31 P.3d 1242, 1248 (Wyo. 2001).  However, in the context of declaratory judgments, the complaint must allege facts showing that the court has jurisdiction over the parties and the subject matter.  26 C.J.S. *Declaratory Judgments* § 148 (2011).

[¶17]  Wyoming Statute § 5-9-108 provides that the circuit courts are courts of record. *See Linde v. Bentley*, 482 P.2d 121, 122 (Wyo. 1971) (distinguishing between justice of the peace, minor courts and administrative agencies, and "courts of record").

[¶18]  The key question is whether the circuit court here was "within [its] respective jurisdiction[]."  Wyo. Stat. Ann. § 1-37-102.  The Wyoming Declaratory Judgments Act does not extend a court's jurisdiction; rather, it merely provides power to the courts already having subject matter jurisdiction to grant declaratory relief.  *William F. West Ranch, LLC v. Tyrrell*, 2009 WY 62, ¶ 11, 206 P.3d 722, 726 (Wyo. 2009) (Wyoming's "Declaratory Judgments Act does not, however, extend the jurisdiction of the courts.").

> Statutes which create a declaratory judgment procedure do not extend the jurisdiction of the subject matter of a court but rather extend the power of the court to grant declaratory relief within its respective jurisdiction.  In other words, declaratory judgment statutes provide an additional remedy which may be granted by a court but they do not extend the jurisdiction as to the subject matter upon which a court may act.

*Ryan v. Tracy*, 453 N.E.2d 661, 664 (Ohio 1983) (citations omitted).[4]

---

[4] Numerous courts in other jurisdictions have interpreted courts' jurisdiction regarding declaratory judgments similarly.  That is, declaratory judgment acts do not expand a court's jurisdiction; they merely

[¶19] Thus, Wyoming's Declaratory Judgments Act does not create jurisdiction for either the district courts or the circuit courts. Rather, it provides a form of relief that a court within its jurisdiction can provide to parties. A circuit court can have jurisdiction over a cause of action seeking declaratory relief if the circuit court has an independent basis for jurisdiction.

[¶20] Conversely, a circuit court would not have jurisdiction over an action brought pursuant to the Declaratory Judgments Act if it did not have jurisdiction pursuant to Wyo. Stat. Ann. § 5-9-128. For example, most declaratory judgment actions seeking exclusively declaratory or injunctive relief and no monetary damages are brought properly before the district courts in Wyoming. *See, e.g., City of Casper v. Holloway*, 2015 WY 93, 354 P.3d 65 (Wyo. 2015) (declaratory judgment action challenging municipality's interpretation of referendum statute requiring signatures of qualified electors).[5]

---

provide an additional remedy the parties may seek from a court with jurisdiction. *See, e.g., Medtronic, Inc. v. Mirowski Family Ventures, LLC*, --- U.S. ---, ---, 134 S.Ct. 843, 848, 187 L.Ed.2d 703 (2014) ("[T]he Declaratory Judgment Act does not 'extend' the 'jurisdiction' of the federal courts" to hear patent infringement cases.); *American Western Home Ins. Co. v. Israel*, 747 F.Supp.2d 785, 789 (S.D. Tex. 2010) ("The Declaratory Judgment Act does not confer federal jurisdiction; rather, the parties must provide an independent basis for jurisdiction."); *Martin v. Equitable Life Assur. Soc. of the United States*, 40 S.W.3d 733, 737 (Ark. 2001) (Arkansas declaratory judgment statutes "do not confer subject-matter jurisdiction."); *Alliance for Metro. Stability v. Metro. Council*, 671 N.W.2d 905, 916 (Minn. Ct. App. 2003) ("A party seeking a declaratory judgment must have an independent, underlying cause of action based on a common-law or statutory right."); *State v. J.P. Lamb Land Co.*, 359 N.W.2d 368, 369 (N.D. 1984) (North Dakota declaratory judgment act is not jurisdictional and does not create or grant jurisdiction where it otherwise would not exist); *Sunset Cliff Homeowners Ass'n v. Water Res. Bd.*, 958 A.2d 652, 655-56 (Vt. 2008) (declaratory judgment actions are not a substitute for appellate remedy and declaratory judgment act will not confer jurisdiction where proper remedy is appeal); *Liberty Mutual Ins. Co. v. Lone Star Industries, Inc.*, 967 A.2d 1, 31 (Conn. 2009) ("A declaratory judgment action is not . . . a procedural panacea for use on all occasions . . . [and it] does not create jurisdiction where it would not otherwise exist."); *McAllen Hospitals, L.P. v. Suehs*, 426 S.W.3d 304, 315 (Tex. Ct. App. 2014) (Texas declaratory judgment act "does not enlarge a court's jurisdiction; it is a procedural device for deciding cases already within a court's jurisdiction.").

[5] *See also Luhm v. Bd. of Trustees of Hot Springs Cty. Sch. Dist. No. 1*, 2009 WY 63, ¶ 6, 206 P.3d 1290, 1294 (Wyo. 2009) (seeking declaration as to whether a counselor is a "teacher" under Wyoming Teacher Employment Law); *Pedro/Aspen, Ltd. v. Bd. of Cty. Comm'rs of Natrona Cty.*, 2004 WY 84, 94 P.3d 412 (Wyo. 2004) (seeking declaration as to county's authority to regulate subdivision of land); *State ex rel. Bayou Liquors, Inc. v. City of Casper*, 906 P.2d 1046 (Wyo. 1995) (seeking declaration that city violated state and local laws in renewing and transferring liquor license); *In re General Adjudication of All Rights to Use Water in Big Horn River Sys.*, 753 P.2d 76 (Wyo. 1988) (seeking determination of water rights reserved to the Wind River Indian Reservation); *Cranston v. Thomson*, 530 P.2d 726 (Wyo. 1975) (seeking declaration that statutes requiring candidates to approve campaign expenditures and limiting campaign expenditures was unconstitutional); *Day v. Armstrong*, 362 P.2d 137 (Wyo. 1961) (seeking declaration of rights to travel river channel across defendant's land).

[¶21] While the statutory framework differs in other jurisdictions, other courts have also held that courts of limited jurisdiction may have jurisdiction over claims for declaratory relief. *See In re Estate of Doloff*, 12 N.Y.S.3d 848, 856-57 (N.Y.S. 2015) (Surrogate Court, a court of limited jurisdiction, had jurisdiction to grant all relief necessary, including ruling on constitutional challenge to statute governing effect of divorce over life insurance proceeds brought in the nature of declaratory judgment action.); *Parkwood Ltd. Dividend Hous. Ass'n v. State Hous. Dev. Auth.*, 664 N.W.2d 185, 190 (Mich. 2003) (Contract-based claim for declaratory relief against a state agency falls within Court of Claims jurisdiction where statute defining jurisdiction of the court gave it exclusive jurisdictions of "all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state.").

[¶22] Here, the relevant portion of the Wyoming Statutes, Wyo. Stat. Ann. § 5-9-128(a), confers circuit court jurisdiction over "[a]n action where the prayer for recovery is an amount not exceeding fifty thousand dollars." We therefore examine Brianna's complaint to determine whether it is an action which fits the statutory description.

[¶23] In her declaratory judgment complaint, Brianna alleged that the circuit court "has jurisdiction pursuant to Wyo. Stat. Ann. § 5-9-128(a)(i) because the amount in controversy does not exceed fifty thousand dollars ($50,000), exclusive of court costs." In addition, the relief she sought included:

> Plaintiff demands that judgment be entered in her favor, declaring that:
> . . . .
> D. Plaintiff is entitled to payment of:
>   1. The remaining funds in Account (ending in) #042 and Account (ending in) #044, held by Defendant VALIC;
>   2. Pre and post-judgment interest;
>   3. Attorneys' fees and costs necessary to bring this action; and
>   4. Any other and further relief as the Court may deem just and appropriate.

[¶24] Monetary relief is available in declaratory judgment actions. As one authority explains: "Monetary damages are necessary and proper relief in an action for declaratory judgment, and a court may grant a money judgment as consequential relief in a declaratory judgment action." 22A Am. Jur. 2d *Declaratory Judgments* § 253 (2003); *see also Standard Fed. Sav. Bank v. State Farm Fire & Cas. Co.*, 537 N.W.2d 333, 336 (Neb. 1995); 10B Charles A. Wright et al., *Federal Practice and Procedure* § 2768, at 669 (3d ed. 1998) ("As in any other action, the scope of relief to be granted in a declaratory action is limited to the issues made by the pleadings and the evidence, and the

7

decree can be no broader than the issues tried. Rule 54(c) applies, however, and the court is to give whatever relief is justified by the evidence, regardless of the demand in the complaint.").[6]

[¶25] This Court previously has recognized that monetary relief is available in declaratory judgment actions. For example, in *Lieberman v. Wyoming.com LLC*, 11 P.3d 353, 356 (Wyo. 2000), a limited liability company brought a declaratory judgment action seeking a determination of its rights against a withdrawing member. That action was consolidated with the withdrawing member's lawsuit seeking dissolution of the LLC. *Id*. The district court determined that the company was not in a state of dissolution, but that the member was entitled to a return of his capital contribution, awarding him $20,000. *Id*. On appeal, we remanded for resolution of questions regarding his equity interest in the LLC, explaining:

> Wyoming.com's action against Lieberman was commenced as a declaratory judgment action. The stated purpose of the Uniform Declaratory Judgments Act is "to settle and to afford relief from uncertainty and insecurity with respect to legal relations * * *." Wyo. Stat. Ann. § 1-37-114 (Lexis 1999). The act is to be liberally construed to this end. *Id*.
>
> As a measure of preventive justice, the declaratory judgment probably has its greatest efficacy. It is designed to enable parties to ascertain and establish their legal relations, so as to conduct themselves accordingly, and thus avoid the necessity of future litigation.
>
> Here, the parties remain uncertain as to their legal relationship because it is unclear what became of Lieberman's ownership or equity interest (as represented by a membership certificate). Therefore, we conclude it appropriate to remand to the district court for a full declaration of the parties' rights.

*Id*. at 361 (citations omitted). We also held that the withdrawing member was entitled to the return of his capital contribution. *Id*. at 358; *see also Campbell Cty. Sch. Dist. v. Catchpole*, 6 P.3d 1275, 1287 (Wyo. 2000) (court declared that school districts were statutorily entitled to rebate of excess recapture monies paid to the Department of

---

[6] Rule 54(c) of the Wyoming Rules of Civil Procedure parallels Rule 54(c) of the Federal Rules of Civil Procedure. Both rules provide that final judgments should grant the relief to which each party is entitled, even if the party did not demand that relief in its pleadings.

Education); *Bd. of Cty. Comm'rs of Cty. of Laramie v. Laramie Cty. Sch. Dist. No. One*, 884 P.2d 946, 957-58 (Wyo. 1994) (finding that school district was entitled to interest on school district funds in the county's possession and granting prospective monetary relief); *Campbell Cty. Sch. Dist. No. 1 v. Bd. of Cty. Comm'rs of Cty. of Campbell*, 884 P.2d 960, 964-65 (Wyo. 1994); (holding that school district's share of delinquent taxes collected by county must be paid to school district and granting prospective relief); *Farr v. Link*, 746 P.2d 431, 434 (Wyo. 1987).

[¶26] *Farr* was a declaratory judgment action in which the plaintiff sought a declaration concerning the parties' rights and duties relating to the assignment of a promissory note as well as monetary relief consisting of the amount due under her interpretation of the terms of the assignment. 746 P.2d at 432-33. In *Farr*, the plaintiff obtained a promissory note from a third party in the amount of $11,152.68. Approximately four years later, the plaintiff executed an assignment of that note, assigning to the defendant the demands she had against the third party—the amount then due on the note, plus interest and costs. The terms provided that the assignment was "at 50%." *Id*. at 432. In the declaratory judgment action the plaintiff asserted she was entitled to half of the total proceeds the defendant/assignee had collected on the note, including interest and attorney fees that defendant had collected. The defendant argued that the plaintiff was entitled only to half of the face value of the note. The district court agreed with the defendant. *Id*. at 433. On review, we reversed, holding that the plaintiff was "entitled to one-half of all moneys collected by defendant," awarding monetary relief in a declaratory judgment action. *Id*. at 434.[7]

[¶27] Brianna's prayer for relief seeks recovery of an amount not exceeding $50,000 as required by Wyo. Stat. Ann. § 5-9-128(a)(i), placing the question of who is entitled to the proceeds from Kevin's retirement accounts squarely within the jurisdiction of the circuit court. As a "court of record" within its "respective jurisdictions," the circuit court may act to "declare rights, status and other legal relations." Wyo. Stat. Ann. § 1-37-102.

[¶28] Our holding should not create uncertainty for parties bringing claims pursuant to the Declaratory Judgments Act, so long as their initial filing has a sound jurisdictional basis and that basis is alleged in good faith. "The ultimate amount determined to be recoverable is not the factor upon which jurisdiction is predicated. However, a plaintiff cannot control jurisdiction between the [circuit] and district court by setting forth an improper amount in his prayer." *Joslyn v. Professional Realty*, 622 P.2d 1369, 1373 (Wyo. 1981); *see also Mutual of Omaha Ins. Co. v. Blury-Losolla*, 952 P.2d 1117, 1120 (Wyo. 1998) (the amount in controversy is determined at the commencement of the

---

[7] Neither the district court nor this Court in *Farr* addressed the question of jurisdiction. When *Farr* was decided, the jurisdictional limit for circuit courts was $7,000. Wyo. Stat. Ann. § 5-5-131(a)(i) (Michie 1977). The amount sought by the plaintiff was $2,129.61. Based upon our analysis here, it appears the *Farr* case was not properly before the district court and should, instead, have been filed in the circuit court.

9

action and the sum claimed, rather than the amount eventually recovered, controls jurisdiction, unless it is claimed in bad faith).

[¶29] Further, we have determined that this decision should be applied prospectively, only.

> In *Ostwald v. State*, Wyo., 538 P.2d 1298 (1975), we approved a three-prong test to be employed in determining whether a decision should be prospective or retroactive. The test is (1) the purpose to be served by the new standards; (2) the extent of reliance on the old standards; and (3) the effect on the administration of justice of a retrospective application of the new standards. We also said that in determining whether a decision should be retrospective or prospective that "there is no distinction drawn between civil and criminal litigation." *Id.*, at 1303.

*Adkins v. Sky Blue, Inc.*, 701 P.2d 549, 556 (Wyo. 1985).

[¶30] In *Hanesworth v. Johnke*, 783 P.2d 173,176-77 (Wyo. 1989), we noted that "[t]he principal civil case which dealt with the retroactive-prospective issue is *Chevron Oil Company v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)." In *Chevron*, the Supreme Court articulated the following standards for prospective application of a decision:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Linkletter v. Walker*, 381 U.S. [618,] 629, 85 S.Ct. [1731,] 1738[, 14 L.Ed.2d 601 (1965)]. Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." *Cipriano v. City of Houma*, 395 U.S. [701,] 706, 89 S.Ct. [1897,] 1900[, 23 L.Ed.2d 647 (1969)].

*Chevron*, 404 U.S. at 106-07, 92 S.Ct. at 355-56 (some citations omitted).

10

[¶31]  Applying these standards here, we first determine whether this decision establishes a new principle of law. "[T]he Supreme Court described this query as the **clear break** exception which is used to apply a decision prospectively 'if the new rule explicitly overruled a past precedent of this Court, or disapproved a practice this Court had arguably sanctioned in prior cases, or overturned a long-standing practice that lower courts had uniformly approved.'" *Hanesworth*, 783 P.2d at 177 (emphasis in original) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 325, 107 S.Ct. 708, 714, 93 L.Ed.2d 649 (1987)).  The issue in this case is one of first impression.  The rule articulated here, that circuit courts may have jurisdiction in declaratory judgment actions where the relief requested falls within their statutory jurisdiction, may change the practice of some attorneys and courts who assumed that the district courts have exclusive jurisdiction over declaratory judgment actions. *See, e.g., Farr*, 746 P.2d at 431-34.

[¶32]  Next, we must determine whether retroactive application of the rule would further its purpose.  *Hanesworth*, 783 P.2d at 177; *Adkins*, 701 P.2d at 556.  The purpose of circuit court jurisdiction over certain declaratory judgment actions is to effectuate the language of the statutes governing circuit court jurisdiction, as well as the Declaratory Judgments Act.  We do not find that retroactive application of the rule would further its purpose.

[¶33]  Finally, we look to the third prong of the *Chevron* test, requiring an examination of the hardship or injustice generated by retroactive application of the rule.  *Hanesworth*, 783 P.2d at 177.  In *Hanesworth*, we concluded that the retroactive application of *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), could "cause the disturbance of many property rights" and thus would create hardship.  783 P.2d at 177.  Likewise, in this case, the retroactive application of circuit court jurisdiction over declaratory judgment actions could render void many otherwise final decisions of the district courts.  This would create significant and unwarranted hardship to parties who, in the past, followed a common practice of filing declaratory judgment actions in the district court.

[¶34]  We hold that our decision here does not apply retroactively to declaratory judgment actions commenced prior to issuance of this decision.

## CONCLUSION

[¶35]  We reverse and remand for further proceedings consistent with this opinion.

11