INHABITANTS of PHILLIPS *vs.* INHABITANTS of MADRID.

Franklin. Opinion March 12, 1891.

*Pauper. Husband and wife. Foreign Divorce.*

Where the husband obtains a divorce from his wife, for her fault, by a decree of the court of another state, which prohibits the wife from remarrying, the wife still residing here, *Held:* that the prohibition to remarry is in the nature of a penalty, and has no force as a disability to remarry in another state Such disability does not attach to the person of the wife in this state. *Held, also;* That the prohibition upon the guilty party to remarry, by the statute of this state, does not attach in such case. That statute. applying only to divorces granted here, has no reference to divorces granted in another state.

FACTS AGREED.

The case is stated in the opinion.

*P. A. Sawyer*, for plaintiffs.

*H. L. Whitcomb*, for defendants.

LIBBEY, J.    Assumpsit for pauper supplies furnished by the plaintiff town for the relief of Lorestein Hinkley, Ella R. Hinkley as his wife, and Barnard C. Hinkley and Harry L. Hinkley, their sons.

By the agreement of the parties, it appears that Lorestein Hinkley had his legal settlement in the defendant town; and the right to recover for what was furnished him is admitted. The right to recover for the supplies furnished Ella R. and the two sons depends upon the legality of the marriage of said Lorestein and Ella R.

By the agreed facts it appears that said Ella R. was legally married to one Wardwell, of Clinton, in this state, May 25, 1879; that she and her husband afterwards moved to Massachusetts, where they separated and she returned to this state; that while she was residing here, a libel for divorce was commenced by her husband, in the court of Massachusetts, duly served on her in this state, and that a decree *nisi* of divorce was granted by the court there, in November, 1882, for the adultery of the wife, which was duly made absolute in November, 1883. Said Ella R. remained in this state, and on the 6th of September, 1884, was duly married to said Hinkley, in said town of Phillips.

It is claimed by the defendants that by the statute of Massachusetts, and of this state, in 1883, a husband or wife for whose fault a divorce was granted could not marry again within two years from the decree of divorce, and as that time had not elapsed when the paupers were married, in September, 1884, their marriage was illegal, and that Ella R. and her two sons do not take the pauper settlement of said Lorestein.

We think this contention is not sound. When the divorce was granted, Ella R. was no longer the wife of Wardwell. *Burlen* v. *Shannon*, 115 Mass. 438; *Com.* v. *Putnam*, 1 Pick. 136. The prohibition to remarry within the time named was in the nature of a penalty. It had no force as a disability to

remarry out of the state of Massachusetts. It did not attach to the person of the wife in this state. This rule is held in many courts. *Cox* v. *Coombs,* 8 B. Monroe, 351; *People* v. *Chase,* 28 Hun, 310; *Pansford* v. *Johnson,* 2 Blachford, 51; *Moore* v. *Hegeman,* 47 Sick. 521; *Van Voorhees* v. *Brintnall,* 41 Sick. 18; *Thorp* v. *Thorp,* 45 Sick. 602; *Vanstook* v. *Griffin,* 71 Pa. 240; *Com.* v. *Lane,* 113 Mass. 458.

Nor does the prohibition upon the guilty party to remarry by the statute of this state, attach to said Ella R. Our statute applies only to divorces granted by the courts in this state. It has no reference to a decree granted in another state. *Bullock* v. *Bullock,* 122 Mass. 3.

We think the marriage of said Lorestein and Ella R. was legal, and that the plaintiffs are entitled to judgment for the full amount claimed.

*Defendants defaulted.*

PETERS, C. J., WALTON, VIRGIN, HASKELL and WHITEHOUSE, JJ., concurred.