## HOAGLAND v. HOAGLAND
### (No. 1006; Decided December 13, 1920, 193 Pac. 843)

DIVORCE—REMARRIAGE IN ANOTHER STATE TO EVADE RESTRICTION
UPON REMARRIAGE WITHIN ONE YEAR AFTER DIVORCE, IS VALID.

1. A remarriage by a woman contracted in another state within one year after securing a divorce in this state, is valid within this state, since the prohibition against remarriage within one year after divorce prescribed by Sec. 3951 C. S. 1910 does not invalidate such a marriage, but merely imposes a punishment upon the parties contracting it; moreover, Sec. 3907 C. S. 1910 provides that all marriage contracts without the state which would be valid where contracted are valid in this state.

ERROR to the District Court, Laramie County, HON. WILLIAM C. MENTZER, Judge.

Action by John L. Hoagland against Mary Hoagland, for divorce. It appearing that defendant had remarried in another state within one year after securing a divorce in this state, the petition for divorce was denied, and plaintiff brings error.

*William B. Ross,* for Plaintiff in Error.

The statute, Sec. 3531 C. S. 1910 prohibits remarriage within one year after decree of divorce fixing a penalty of fine and imprisonment for a violation of the law; it does not invalidate such a marriage if made. The plaintiff was not bound by the divorce decree; statutes restricting the right of remarriage after divorce for a specified time are without extra territorial force (14 Cyc. 729; Dudley v. Dudley, 32 L. R. A. N. S. 1170; Van Storch v. Giffen, 71 Pa. St. 240). The case of Van Vorrhiz v. Brintnal, 86 N. Y. 22 is a well considered case, directly in point and sustains our contentions. (See Re Crane 170 Mich. 651; Thorp v. Thorp, 9 N. Y. 602; Roberts v. Ogdenburg Bo., 41 Sp. Ct. 324). The validity of a marriage is determined by the law of the place where it was contracted and if valid

there will generally be held valid in any state or country in which the parties may subsequently reside, although it would have been invalid by the law of such subsequent domicile if contracted there. (26 Cyc. 829).

No appearance for defendant in error.

Beard, C. J.

From a judgment of the district court of Laramie county denying the petition of plaintiff in error in an action for divorce, on the ground of desertion, brought by him against the defendant in error, he brings the case here by proceedings in error.

The defendant below filed her answer, and the trial was had to the court resulting as above stated. The evidence in the case has not been brought up, and the only question here is, do the findings of facts as made by the court support the judgment? The court found that both parties were and for at least six years last past had been actual residents of the State of Wyoming. "That on the 17th day of March, A. D. 1915, at the town of Kimball, in the State of Nebraska, the said plaintiff and the defendant went through an alleged ceremony, which was in form the marriage ceremony provided by the laws of the State of Nebraska." "That at the time the plaintiff and defendant pretended to be married at Kimball, Nebraska, the defendant had been divorced from her former husband for a period of only about six months; That said defendant had obtained her divorce from her former husband in the District Court of the Sixth Judicial District of Wyoming within the period of six months prior to the date of said alleged marriage in the State of Nebraska.

"That said plaintiff and defendant went to the State of Nebraska to be married in order to avoid the laws of the State of Wyoming which prohibit divorced persons from remarrying to any one other than the former husband or wife within the period of one year after the date of divorce.

"That the defendant did in the year 1915 willfully desert the plaintiff for a period of one year, to-wit: from and since the year 1915 up to and including the present time, and that said desertion was without cause or justification.

"That the petition in said case is not founded in or exhibited by collusion between plaintiff and defendant, nor has the plaintiff at any time been guilty of the misconduct charged by him against the said defendant."

The court thereupon rendered judgment as follows: "It is therefore ordered, adjudged and decreed that the said petition for divorce be denied." Dated February 16, 1920.

The court having found all of the facts necessary to entitle plaintiff to a divorce from defendant if the marriage in Nebraska was a valid marriage and is to be so regarded in this state, the question of the validity of that marriage is the only one in the case. The provisions of the statutes of this state on the subject are contained in Sections 3907 and 3951, Comp. St. 1910, as follows:

Sec. 3907. "All marriage contracts without this state, which would be valid by the laws of the country in which the same were contracted, shall be valid in all courts and places in this state."

Sec. 3951. "During the period of one year from the granting of a decree of divorce, neither party thereto shall be permitted to remarry to any other person. Any person violating the provisions of this section shall be deemed guilty of a misdemeanor, and shall be fined in any sum not less than twenty-five dollars nor more than one hundred dollars, or be imprisoned in the county jail not exceeding three months, in the discretion of the court."

Section 3907, is simply declaratory of the rule of the common law; the general rule being that a marriage valid in the state or country where contracted is valid everywhere. To that rule there are certain recognized excep-

tions, namely; marriages which are deemed contrary to the law of nature as generally recognized in Christian countries, such as polygamous and incestuous marriages, and those which the legislature of the state has declared shall not be allowed any validity, because contrary to the policy of its laws. It is to be observed that our statute does not declare marriages in violation thereof to be invalid, as do the statutes of several of the states, but simply prescribes a penalty which may be inflicted upon those who violate it. It is also to be observed that the statute applies to both parties and prescribes the same penalty for the innocent as well as for the guilty party. The rule as stated in 5 R. C. L. 1004, and which is supported by the weight of authority, and with a few exceptions which will be referred to later, is: "It is almost universally conceded that statutes prohibiting the guilty party to a judgment of divorce from marrying again, either for a certain period, or while the other party to the former marriage lives, are without effect outside the territorial limits of the prohibiting state. Since such a prohibition is in the nature of a penalty it does not apply to divorces granted outside of the state, nor does it carry any disability beyond the borders of the state where in force." In Commonwealth v. Lane, 113 Mass. 458, 18 Am. Rep. 509, it was held that a marriage which was prohibited by the statutes of that state, because contrary to the policy of its laws, was valid if celebrated elsewhere according to the laws of the place, even if the parties were citizens and residents of Massachusetts, and had gone abroad for the purpose of evading the laws of Massachusetts, unless the legislature had already enacted that such marriages out of the state should have no validity in Massachusetts. The court saying: "This has been repeatedly affirmed by well considered decisions." And in Van Voorhis v. Brintnall, et al., 86 N. Y. 18, 40 Am. Rep. 505, a well considered case, often cited, and where many cases are reviewed, we

quote from the syllabus: "Where by a judgment of the Supreme Court of this State, the marriage between E. and B. was dissolved on the ground of the adultery of the latter, the decree of divorce adjudging it to be unlawful for him to marry during the life of E. and thereafter, during her life, he went to Connecticut and there married I., both being residents of this State, having gone out of it for the purpose of evading its laws, returning to it on the day of the marriage, and thereafter, residing here, which marriage was valid under the laws of Connecticut, *held*, that a child of the second marriage, born in this State, was legitimate and entitled to share with the children of the first marriage in a devise to the issue of B.; also that the provision of the Revised Statutes (2 R. S. 139, § 5; id 146, § 49), prohibiting the second marriage of a person divorced on the ground of his or her adultery, during the life of the former husband or wife, and declaring such second marriage void, had no application as they are in the nature of a penalty, and have no effect outside of the State, in the absence of express terms showing a legislative intent to give them that effect." That rule was approved and followed in Thorp v. Thorp, 90 N. Y. 206, 43 Am. Rep. 189, which was an action for divorce wherein the facts were almost identical with the facts in the case at bar. The trial court there, as here, denied a divorce, and it was urged that plaintiff was in contempt of court in so marrying, but that contention was not sustained by the Court of Appeals, and the judgment was reversed. It would unduly lengthen this opinion to quote from numerous other cases sustaining the principles announced in the authorities above referred to, and we shall content ourselves by citing only some of them. (Griswold v. Griswold, 23 Colo. App. 365, 129 Pac. 560; Loth v. Loth's Estate, 54 Colo. 200, 129 Pac. 827; Cronsi et al. v. Wheeler, 62 Colo. 51, Am. Cas. 1918 E. 1074, 158 Pac. Colo. 1100; Phillips v. Madrid, 83 Me. 205, 22 Atl. 114, 12 L. R. A. 862;

State v. Shattuck, 69 Vt. 403, 38 Ail. 81, 40 L. R. A. 428, 60 Am. St. 936, and notes; Hills v. State, 61 Neb. 589, 85. N. W. 836, 57 L. R. A. 155, and notes d. p. 169; Hilton v. Stewart, 15 Idaho 150, 96 Pac. Idaho 579; Conn. v. Conn, 2 Kan. App. 419, 42 Pac. 1006; Chance, Petitioner, 26 R. I. 351, 58 Atl. 978, 69 L. R. A. 493; Dudley v. Dudley, 151 Iowa 142, 130 N. W. Ia. 785, 32 L. R. A. N. S. 1170).

There is, however, a conflict of authority, as stated in 5 R. C. L. 1004, ''upon the question whether the courts of the state which has enacted such a statute merely in general terms prohibiting such marriage, will recognize as valid the marriage of such person occurring out of the state while he is still domiciled within the state. The weight of authority is that if the marriage is valid according to the *lex loci,* it will be upheld even by the courts of the state which enacted the statute, and in which the parties to the remarriage are domiciled, even though the parties went out of the state to solemnize the second marriage, for the express purpose of evading the law of the domicile and of the forum.'' (See cases cited in note to above).

An examination of the decisions in those cases holding otherwise generally will show that they were based upon statutes expressly declaring such marriage void, or declaring incapacity to contract, or which by express terms or by necessary implication suspend the operation of the decree, or where the statute was held to be declaratory of the public policy of the state, such marriage being regarded as either immoral, or against natural laws, such as marriages between one divorced for adultery and the particeps criminis, during the life of the innocent party, or between a white person and one of the colored races. (Griswold v. Griswold, and Conn v. Conn, supra). The statute in this state does not in terms or by necessary implication declare such marriages void, but simply prescribes a penalty for its violation. The decree of divorce

becomes absolute when rendered and leaves the parties free to re-marry save and except if they do so within the prescribed period thereafter they are subject to punishment. In the present case the woman was the innocent party in the former divorce action, and the man (the plaintiff in this case) was, so far as the record shows, a single man without any impediments to his contracting a lawful marriage either here or elsewhere. The inefficiency of statutes like ours and their tendency to create confusion and conflict between the laws of the several states have resulted in the adoption of statutes in some of the states providing in effect that in the trial of actions for divorce if the court finds the facts proven to entitle a party to a divorce it shall make and file such findings, but no decree shall be rendered thereon until the expiration of a prescribed period; thus leaving the bonds of matrimony in full force until the decree is entered. We have not been favored with a brief on behalf of the defendant in error; but from an examination of the authorities cited by council for plaintiff in error, and many others, we have arrived at the conclusion that upon the facts as found by the court it was in error in refusing to grant to plaintiff a decree of divorce; and for that reason the judgment of the district court is reversed and the cause remanded to the district court with directions to set aside and vacate the judgment heretofore entered and to enter a decree of divorce in favor of plaintiff.

*Reversed and remanded with directions.*

POTTER and BLYDENBURGH, J. J., concur.