Lela M. BOWERS, widow of Deceased Thomas Ira Bowers, Appellant (Claimant below),

v.

WYOMING STATE TREASURER, ex rel. WORKMEN'S COMPENSATION DIVISION, Appellee (Objector-Defendant below).

No. 4227.

Supreme Court of Wyoming.

April 5, 1979.

Jeffrey J. Gonda, Lonabaugh & Vanderhoef, Sheridan, for appellant.

John J. Rooney, Atty. Gen. and Daniel E. White, Asst. Atty. Gen., Cheyenne, for appellee.

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired.*

McCLINTOCK, Justice.

Lela M. Bowers claimed worker's compensation benefits as surviving widow of Thomas Ira Bowers. Her claim of widowhood was based on an alleged common-law marriage consummated in the State of Texas, which recognizes such marriages.[1] The trial court rejected her claim for the sole reason that she was not the survivor of a "marriage solemnized by a legal ceremony," as required by applicable Wyoming statutes,[2] and considered immaterial the

---

* At the time of oral argument Guthrie, J., was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered on January 1, 1979, he has been retained in active judicial service pursuant to Art. 5, § 5, Wyoming Constitution, and § 5–1–106(f), W.S.1977, and has continued to participate in the decision and opinion of the court in this case.

1. See cases cited in *Bowers v. Getter Trucking Company*, Wyo., 514 P.2d 837, 838 (1973).

Wyoming has rejected the concept that such a marriage can be entered into in this state. *Roberts v. Roberts*, 58 Wyo. 438, 133 P.2d 492 (1943.)

2. The pertinent portions of these sections are set forth in *Bowers*, supra, and as we there said, "do deny to the widow of a common-law marriage validly consummated in another state the benefits of our workmen's compensation laws." 514 P.2d at 839. A complete revision and recodification of the Worker's Compensa-

question of whether such valid common-law marriage had existed in Texas, thereby establishing a legal marriage in Wyoming. In our previous decision, *Bowers v. Getter Trucking Company*, Wyo., 514 P.2d 837 (1973), we determined that those statutes, under the decision of *Trent v. Union Pacific Coal Co.*, 68 Wyo. 146, 231 P.2d 180 (1951), required rejection of her claim, but that the constitutional principles[3] considered therein should be reexamined in the light of developing law. Since it was clear that the trial court had ignored the question of whether there had existed a valid common-law marriage in Texas and the record was considered deficient in this respect, we remanded the cause for further proceedings to determine that point. The matter is now before us with proper stipulation that Thomas and Lela Bowers had consummated a valid common-law marriage under the laws of Texas.

■ Proceeding from that basis we have examined the constitutional questions and now conclude that the two sections, insofar as they permit recovery only by one who is the survivor of a ceremonial marriage, constitute an improper classification under provisions of the Wyoming and Federal Constitutions, thereby denying Mrs. Bowers of constitutionally guaranteed equal protection of the law. *Trent v. Union Pacific Coal Co.*, supra, insofar as it reaches a different conclusion, is hereby expressly overruled[4] and we remand the cause to the district court for determination of benefits due Mrs. Bowers as surviving widow of Thomas Bowers.

■ This decision represents no dramatic or sudden shift from established concepts. Federal cases cited and discussed in *Heather v. Delta Drilling Company*, Wyo., 533 P.2d 1211, reh. denied (1975), demonstrate a gradual but firm departure from old rules pertaining to the rights (more properly, the lack of rights) of illegitimate children. It is now well established that classifications based on the *improper* criteria of legitimacy or illegitimacy constitute a denial of equal protection. In abandoning these old strictures Justice Raper commented:

> "[W]e must reopen and reexamine the judicial treatment of the illegitimate child in the application of Wyoming's workmen's compensation laws." 533 P.2d at 1212.

*Heather* represented a distinct change of philosophy of this court for it was necessary therein specifically to set aside the former decision of *In re Dragoni*, 53 Wyo. 143, 156, 79 P.2d 465, 468 (1938), where the word "children" as used in the worker's compensation act had been construed to be limited to "legitimate children." *Heather* carefully

---

tion Act was effected by Ch. 149, S.L. of Wyoming 1975 and by § 27–342 thereof, now § 27–12–408, W.S.1977, death benefits are payable to "a spouse to whom the employee was legally married." This term has recently been construed in *Jim's Water Service v. Eayrs*, Wyo., 590 P.2d 1347 (1979), as holding the widow of a common-law marriage entitled to death benefits. It would appear by reason thereof that the present decision is of interest only to the litigants.

3. Article 10, § 4 of the Wyoming Constitution provides in pertinent part for the payment of compensation

> " * * * as may be fixed by law according to proper classifications to each person injured in such employment or to the dependent families of such as die as the result of such injuries * * *."

Article 1, § 2 of this Constitution provides: "In their inherent right to life, liberty and the pursuit of happiness, all members of the human race are equal."

Section 1 of the Fourteenth Amendment to the Constitution of the United States provides in part that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

4. In overruling *Trent v. Union Pacific Coal Co.*, 68 Wyo. 146, 231 P.2d 180 (1951), we further note that, at p. 185, the reason given in part for justification of the classification, that is, that "[i]t merely emphasized the State policy of not sanctioning a common law marriage. See *Roberts v. Roberts* [58 Wyo. 438, 133 P.2d 492 (1943)] * * *," is not entirely accurate. While Justice Blume does there indicate that common-law marriages are not a favorite of the law, the real holding is only that common-law marriages may not be consummated in Wyoming. *Roberts* was later cited by this court in *Schlattman v. Stone*, Wyo., 511 P.2d 959, 961 (1973), for the proposition that, "if [a] statute covers the whole subject matter, the abrogation of the common law on the subject will necessarily be implied."

considers the federal decisions, the philosophy for change and concludes that such a distinction between children

" * * * establishes a discriminatory classification which is justified by no legitimate state interest and violates the equal protection clause of the Fourteenth Amendment to the constitution of the United States." 533 P.2d at 1212.

It would be redundant for us further to reiterate the developing philosophy leading to such conclusion, but if no legitimate state interest is served by discrimination between children, it appears equally certain that no such interest is served by discrimination between legally married spouses. As has been the law of this state since 1876, marriages outside the state which are valid therein are valid in this state. § 20–1–111, W.S.1977. This statutory rule has been said to be merely declaratory of the rule at common law, *Hoagland v. Hoagland*, 27 Wyo. 178, 193 P. 843 (1920), and was specifically applied by us in *Jim's Water Service v. Eayrs*, Wyo., 590 P.2d 1347 (1979) to permit recovery of compensation under the amended law requiring that the parties be "legally married." § 27–12–408, W.S.1977. While this amendment was adopted subsequent to our previous decision in this case, it can well be said to represent the attitude of the legislature that there is no established state purpose to be served by requiring a ceremonial marriage. This in no way affects the holding in *Roberts* or weakens our laws as to consummation of marriage in Wyoming.

We cannot distinguish the discrimination between children so roundly condemned in *Heather* from that between spouses, depending upon which type of marriage is entered into. We hold this latter discrimination equally a denial of equal protection under both the Federal and State Constitutions.

Reversed and remanded with directions to proceed with award of death benefits as provided by law.