2011 WY 90

**Paula CHRISTIANSEN, Appellant (Plaintiff),**

v.

**Victoria Lee CHRISTIANSEN, Appellee (Defendant).**

No. S–10–0252.

Supreme Court of Wyoming.

June 6, 2011.

Representing Appellant: Tracy L. Zubrod of Zubrod Law Office, P.C., Cheyenne, Wyoming; Mary Elizabeth Galvan of Galvan & Fritzen, Laramie, Wyoming.

Representing Appellee: No brief filed.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1]  Paula Christiansen and Victoria Lee Christiansen are both residents of Wyoming. They were legally married in Canada in 2008. Paula Christiansen filed an action for divorce in Wyoming in February 2010.  The district court determined it did not have subject-matter jurisdiction to entertain an action to dissolve a same-sex marriage.  Accordingly, the district court dismissed the action.  We reverse and remand for the reinstatement of the divorce proceeding.

## ISSUE

[¶ 2]  The narrow issue in this appeal is whether a Wyoming district court has subject-matter jurisdiction to entertain a divorce action to dissolve a same-sex marriage lawfully performed in Canada.[1]

## DISCUSSION

[¶ 3]  The facts are simple.  Paula and Victoria were validly married in Canada and seek a divorce in Wyoming, where they reside.  The district court, after engaging in a review of the pertinent statutes, dismissed the action for lack of subject-matter jurisdiction.  The district court reasoned that "the jurisdictional grant to dissolve marriages is premised on the definition of marriage." Since Wyo. Stat. Ann. § 20–1–101 (LexisNexis 2009) defines a marriage, in pertinent part, as "a civil contract between a male and a female person," the district court deter-

---

1.  Our analysis is expressly limited to the issue before us.  Nothing in this opinion should be taken as applying to the recognition of same-sex marriages legally solemnized in a foreign juris-

diction in any context other than divorce.  The question of recognition of such same-sex marriages for any other reason, being not properly before us, is left for another day.

mined "the Wyoming Statutes do not grant the Court jurisdiction to dissolve a same-sex marriage."

[¶ 4] We disagree with the district court's conclusion. First, we emphasize that the issue before this Court is limited to whether a district court has subject-matter jurisdiction to dissolve a same-sex marriage validly solemnized in Canada. Subject-matter jurisdiction refers to the power of a court to hear and determine cases of the general class to which the proceedings in question belong. *Granite Springs Retreat Ass'n, Inc. v. Manning*, 2006 WY 60, ¶ 5, 133 P.3d 1005, 1009 (Wyo.2006). Subject-matter jurisdiction is essential to the exercise of judicial power. *Id.* at 1009–10. If a court does not have subject-matter jurisdiction, it lacks any authority to proceed. *State Farm Mut. Auto. Ins. Co. v. Kunz*, 2008 WY 71, ¶ 6, 186 P.3d 378, 380 (Wyo.2008). The existence of subject-matter jurisdiction involves a question of law, and our review is de novo. *Brown v. City of Casper*, 2011 WY 35, ¶ 8, 248 P.3d 1136, 1139 (Wyo.2011).

[¶ 5] In determining whether the district court has subject-matter jurisdiction in this case, we begin by noting that district courts are endowed with broad subject-matter jurisdiction. District courts in Wyoming are courts of superior and general jurisdiction. *Urbach v. Urbach*, 52 Wyo. 207, 224, 73 P.2d 953, 960 (1937). They derive their judicial powers from the Wyoming Constitution:

> The judicial power of the state shall be vested in the senate, sitting as a court of impeachment, in a supreme court, district courts, and such subordinate courts as the legislature may, by general law, establish and ordain from time to time.

Wyo. Const. art. 5, § 1. They have original jurisdiction over all cases, excepting only cases placed within the exclusive jurisdiction of another court:

> The district court shall have original jurisdiction of all causes both at law and in equity and in all criminal cases, of all matters of probate and insolvency and of such special cases and proceedings as are not otherwise provided for. The district court shall also have original jurisdiction in

all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court[.] *Id.*, art. 5, § 10. Specific to this appeal, Wyo. Stat. Ann. § 20–2–104 (LexisNexis 2009) expressly places subject-matter jurisdiction to entertain divorce proceedings with the district courts:

> A divorce may be decreed by the district court of the county in which either party resides on the complaint of the aggrieved party on the grounds of irreconcilable differences in the marital relationship.

Thus, we start this discussion with the knowledge that the district court in this case has subject-matter jurisdiction to entertain the instant divorce proceeding unless a contrary showing is made.

[¶ 6] The pivotal question is whether the fact that this is a same-sex couple strips the district court of the subject-matter jurisdiction it would otherwise enjoy to entertain a divorce proceeding. The district court found dispositive § 20–1–101, defining marriage as a contract between a man and a woman. Since a same-sex couple is incapable of entering into a marriage as defined by § 20–1–101, the district court reasoned there was no marriage to dissolve.

[¶ 7] In doing so, the district court did not give proper respect to Wyo. Stat. Ann. § 20–1–111 (LexisNexis 2009), which provides that "[a]ll marriage contracts which are valid by the laws of the country in which contracted are valid in this state." Obviously, the district court's determination that, despite a valid Canadian marriage, no valid marriage exists under Wyoming law, runs afoul of this statute. The district court's ruling thus creates a conflict between § 20–1–101 and § 20–1–111. We do not agree that such a conflict exists in the context of a divorce proceeding.

[¶ 8] When faced with statutes that appear to conflict, this Court first attempts "to harmonize them so as to give full effect to each." *Jessen v. Burry*, 13 P.3d 1118, 1120 (Wyo.2000). This Court must not give a statute a meaning that will nullify its operation if it is susceptible of another construction. *Billis v. State*, 800 P.2d 401, 413

(Wyo.1990). In ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony. *Mtn. Cement Co. v. South of Laramie Water & Sewer Dist.,* 2011 WY 81, ¶ 13, 255 P.3d 881, 885 (Wyo.2011); *Loberg v. Wyo. Workers' Safety & Comp. Div.,* 2004 WY 48, ¶ 5, 88 P.3d 1045, 1048 (Wyo.2004); *Board of Cty. Comm'rs of Teton Cty. v. Crow,* 2003 WY 40, ¶ 40, 65 P.3d 720, 733 (Wyo.2003); *Shumway v. Worthey,* 2001 WY 130, ¶ 8, 37 P.3d 361, 365 (Wyo.2001).

[¶ 9] We find § 20–1–101 and § 20–1–111, both relating to the creation of marriage, can coexist in harmony in the context of the instant divorce proceeding. Section 20–1–101 prevents a same-sex couple from entering into a marital contract in Wyoming. It does not speak to recognition of a same-sex marriage validly entered into in Canada. Section 20–1–111, on the other hand, expressly allows for the recognition of a valid Canadian marriage in Wyoming. On their face, the two sections treat different situations and as such do not conflict.

[¶ 10] We recognize that the rule set out in § 20–1–111 is not absolute. "As has been the law of this state since 1876, marriages outside the state which are valid therein are valid in this state. § 20–1–111, W.S.1977. This statutory rule has been said to be merely declaratory of the rule at common law...." *Bowers v. Wyoming State Treasurer,* 593 P.2d 182, 184 (Wyo.1979) (citing *Hoagland v. Hoagland,* 27 Wyo. 178, 193 P. 843 (1920)). Under common law, this rule of validation, otherwise known as the rule of *lex loci celebrationis,*[2] is subject to "certain recognized exceptions, namely, marriages which are deemed contrary to the law of nature as generally recognized in Christian countries, such as polygamous and incestuous marriages, and those which the legislature of the state has declared shall not be allowed any validity, because contrary to the policy of its laws." *Hoagland,* 27 Wyo. at 180–81, 193 P. at 843–44 (Wyo.1920).

[¶ 11] The policy exception is necessarily narrow, lest it swallow the rule. It is not enough that a marriage would not be valid if solemnized in Wyoming. Common law marriages provide a good example. Common law marriages entered into in this state are invalid. *In re Roberts' Estate,* 58 Wyo. 438, 467–68, 133 P.2d 492, 503 (Wyo. 1943). Yet, this Court has recognized the validity of common law marriages entered into in foreign jurisdictions for limited purposes. In *Jim's Water Serv. v. Eayrs,* 590 P.2d 1346, 1350 (Wyo.1979), the Court held that "a common-law marriage valid in the state in which contracted is valid in Wyoming for purposes of receipt of benefits under our Worker's Compensation laws." This Court explained that recognizing a common law marriage validly entered into in a foreign jurisdiction for purposes of worker's compensation laws "in no way affects the holding in *Roberts* or weakens our laws as to consummation of marriage in Wyoming." *Bowers,* 593 P.2d at 184.

[¶ 12] Likewise, recognizing a valid foreign same-sex marriage for the limited purpose of entertaining a divorce proceeding does not lessen the law or policy in Wyoming against allowing the creation of same-sex marriages. A divorce proceeding does not involve recognition of a marriage as an ongoing relationship. Indeed, accepting that a valid marriage exists plays no role except as a condition precedent to granting a divorce. After the condition precedent is met, the laws regarding divorce apply. Laws regarding marriage play no role.

[¶ 13] Specifically, Paula and Victoria are not seeking to live in Wyoming as a married couple. They are not seeking to enforce any right incident to the status of being married. In fact, it is quite the opposite. They are seeking to dissolve a legal relationship entered into under the laws of Canada. Respecting the law of Canada, as allowed by § 20–1–111, for the limited purpose of accepting the existence of a condition precedent to granting a divorce, is not tantamount to state recognition of an ongoing same-sex

---

**2.** "The law of the place where a contract, esp. of marriage, is made." Black's Law Dictionary 995 (9th ed. 2009).

marriage. Thus, the policy of this state against the creation of same-sex marriages is not violated.

## CONCLUSION

[¶ 14]   Two Wyoming residents are seeking a legal remedy to dissolve a legal relationship created under the laws of Canada. We find nothing in Wyoming statutes or policy that closes the doors of the district courts to them. The district court has subject-matter jurisdiction to entertain their petition for divorce.

[¶ 15]   Reversed and remanded for further proceedings consistent with this opinion.