CASANUEVA, Judge,
Concurring.
I fully concur with the majority opinion and write to address two points. First, I believe that Florida would also be required to dissolve the parties’ marriage under an access to the courts analysis. Second, not only has there been no legitimate purpose provided that would permit Florida not to give full faith and credit to the marriage, because this case involves a minor child, it implicates another long-standing Florida public policy which requires courts to consider the best interésts of the child.
I. Access to Courts
Section 61.043, Florida Statutes (2013), expressly places subject matter jurisdiction to adjudicate divorce proceedings with the trial courts: “[a] proceeding for dissolution of marriage or a proceeding under s. 61.09 shall be commenced by filing in the circuit court a petition....” Filing a petition for dissolution is the sole means in Florida for obtaining a divorce. See § 61.031 (“No dissolution of marriage is from bed and board, but is from bonds of matrimony.”). It is not disputed in this case that the parties are lawfully married.
Encompassed within a trial court’s ability to dissolve a marriage is its ability to determine several legal rights and responsibilities of the parties. In dissolution proceedings, a trial court has the authority to determine alimony, equitable distribution of marital assets and liabilities, child custody and visitation, and child support. See Wilcox v. Munoz, 35 So.3d 136, 140 (Fla. 2d DCA 2010) (“Child support ‘is not a requirement imposed by one parent on the other; rather it is a dual obligation imposed on the parents by the State.’ ” (quoting Serio v. Serio, 830 So.2d 278, 280 (Fla. 2d DCA 2002))). Thus, in denying the parties a dissolution of their marriage, the trial court also denied the parties and their child the opportunity to have the above rights determined.
In Boddie, 401 U.S. at 374, 91 S.Ct. 780, the Supreme Court held that due process prohibits “a State from denying, solely because of inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages.” The Court reasoned as follows:
Without a prior judicial imprimatur, individuals may freely enter into and rescind commercial contracts, for example, but we are unaware of any jurisdiction where private citizens may covenant for or dissolve marriages without state approval. Even where all substantive requirements are concededly met, we know of no instance where two consenting adults may divorce and mutually liberate themselves from the constraints of legal obligations that go with marriage, and more fundamentally the, prohibition against remarriage, without invoking the State’s judicial machinery.
Thus, although they assert here due process rights as would-be plaintiffs, we think appellants’ plight, because resort *650 to the state courts is the only avenue to dissolution of their marriages, is akin to that of defendants faced with exclusion from the only forum effectively empowered to settle their disputes.
Id. at 376, 91 S.Ct. 780. The Court concluded that a
State’s refusal to admit these appellants to its courts, the sole means in Connecticut for obtaining a divorce, must be regarded as the equivalent of denying them an opportunity to be heard upon their claimed right to a dissolution of their marriages, and, in the absence of a sufficient countervailing justification for the State’s action, a denial of due process.
Id. at 380-81, 91 S.Ct. 780.
If same-sex couples are unable to seek a dissolution of marriage in Florida, their situation is similar to the couples in Boddie because they cannot obtain a divorce through any other means. As noted above, judicial action is required to obtain a divorce, and the trial court’s refusal to accept the petition deprived the parties of their right to access the courts. ,
“[D]ue process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard.” Id. at 377, 91 S.Ct. 780. The State has failed to present an argument that denying a party the right to seek a divorce serves a state interest of overriding significance, nor do I believe such an argument can be validly made in a case involving a minor child.
I would note, that allowing same-sex couples to obtain a divorce does not run afoul of section 741.212, Florida’s Defense of Marriage Act (DOMA), which proscribes the marriage of same-sex couples.[9] The Supreme Court, of Wyoming has observed:
[Rjecognizing a valid foreign same-sex marriage for the limited purpose- of entertaining a divorce proceeding does not lessen the law or policy in Wyoming against allowing the creation of same-sex marriages. A divorce proceeding does not involve recognition of a marriage as an ongoing relationship. Indeed, accepting that a valid marriage exists plays no role except as a condition precedent to granting a divorce. After the condition precedent is met, the laws regarding divorce apply. Laws regarding marriage play no role.
Christiansen v. Christiansen, 253 P.3d 153, 156 (Wyo.2011).
As in Christiansen, the parties here do not seek to live- in Florida as a married couple and they do not seek to enforce a right incident to the status of being married. See id. at 156. They are seeking the opposite-to dissolve a legal Massachusetts relationship. “Thus, the policy of this state against the creation of same-sex marriages is not violated.” Id. at 157. Accordingly, the State has no countervailing state interest to deprive the parties of their right to access the courts.
II. Full Faith and Credit
I agree with the majority opinion that the Full Faith and Credit Clause requires Florida-to recognize the parties’ marriage but would also note that, because this case involves a minor child, another long-standing Florida public policy is implicated which requires courts to consider the best interests of the child. Our legislature has often enacted laws to protect our children so as to insure that the best interests of the child are adhered to, and our judiciary *651 too has long subscribed' to that precept. See, e.g., § 61.13(2)(c) (“The court shall determine all matters relating to parenting and time-sharing of each minor child of the parties in accordance with the best interests of the child and in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act....”); Parker v. Parker, 950 So.2d 388, 393 (Fla.2007) (“We find that the balance of policy considerations favors protecting the best interests of the child over protecting the interests of one parent defrauded by the other parent in the midst of a divorce proceeding.”); Morris v. Morris, 932 So.2d 1007, 1008 (Fla.2006) (“Florida public policy and law is unequivocal in its declaration that adult parents cannot barter away the best interests of their children or exclude the court's from reviewing terms or conditions of custody, visitation, or support.”).
In this case, any public policy based on DOMA is further overridden by this State’s strong policy favoring the best interests of a child. As discussed above, dissolution proceedings often determine not only alimony and equitable distribution of marital assets and liabilities, but also resolve matters relating to minor children, including child custody, visitation, and support, the latter being an obligation due to the child. To enforce the policy advocated to the trial court in this case is to do harm to the child and completely fails to consider the child’s best interest.
Accordingly, I conclude that where, as here, a child’s best interest is at issue in a dissolution of a same-sex marriage, Florida’s DOMA cannot be interposed to prohibit a judicial resolution because it does not constitute a valid exception to the Due Process Clause or the Full Faith and Credit Clause. Therefore, I conclude that the trial court must proceed with a judicial determination of the issues presented, including those pertaining to the minor child.
For the reasons expressed, I concur.

. As noted in the majority opinion, if the policy of Florida is to disfavor same-sex marriage, then allowing the divorce of same-sex couples would not be contrary to such policy.