# IN THE SUPREME COURT, STATE OF WYOMING

# 2020 WY 72

**APRIL TERM, A.D. 2020**

**June 10, 2020**

MH,

Appellant
(Petitioner),

v.

FIRST JUDICIAL DISTRICT COURT
OF LARAMIE COUNTY, Honorable
Peter H. Froelicher presiding,

Appellee
(Respondent).

S-19-0256

*Appeal from the District Court of Laramie County*
*The Honorable Peter H. Froelicher, Judge*

*Representing Appellant:*

Kathryn A. Jenkins, Attorney at Law, Cheyenne, Wyoming; George E. Powers, Jr., Sundahl, Powers, Kapp & Martin, LLC, Cheyenne, Wyoming.

*Representing Appellee:*

Bridget L. Hill, Attorney General; Michael J. McGrady, Deputy Attorney General.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

*FOX, J., delivers the opinion of the Court; KAUTZ, J., files a specially concurring opinion.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]   M.H. petitioned the district court for an order recognizing her change of sex and gender so that she could amend her birth certificate.  The district court denied the petition, concluding that it lacked subject matter jurisdiction.  We reverse.

### *ISSUE*

[¶2]   Did the district court have subject matter jurisdiction over M.H.'s petition?

### *FACTS*

[¶3]   M.H.'s birth certificate identifies her as male; however, M.H. identifies and holds herself out as female.  M.H. attempted to amend the sex on her birth certificate with the Wyoming Department of Health (WDOH), and the WDOH informed her that it could not do so until she provided a court order that complied with WDOH regulations.  M.H. petitioned the district court for an order recognizing her change of sex and gender, pursuant to its "power of general jurisdiction" and Wyo. Stat. Ann. § 35-1-424(a), which governs correction and amendment of vital records.  She also alleged compliance with WDOH regulations providing for amendment to the sex stated on a person's birth certificate upon receipt of an affidavit, a statement from a physician, and a court order. The district court considered whether the Wyoming Constitution, Wyo. Stat. Ann. § 35-1-424, or the WDOH's rules granted it subject matter jurisdiction, concluded they did not, and denied the petition.  M.H. timely appealed.

### *STANDARD OF REVIEW*

[¶4]   "The existence of subject matter jurisdiction is a question of law that we review *de novo.*" *Harmon v. Star Valley Med. Ctr.*, 2014 WY 90, ¶ 14, 331 P.3d 1174, 1178 (Wyo. 2014) (quoting *Excel Constr., Inc. v. Town of Lovell*, 2011 WY 166, ¶ 12, 268 P.3d 238, 241 (Wyo. 2011)).  This case requires us to interpret the Wyoming Constitution, Wyoming statutes, and WDOH regulations—also questions of law that we review de novo. *Saunders v. Hornecker*, 2015 WY 34, ¶ 8, 344 P.3d 771, 774 (Wyo. 2015) ("The interpretation and application of the Wyoming Constitution is a question of law, reviewed *de novo.*"); *Herrick v. Jackson Hole Airport Bd.*, 2019 WY 118, ¶ 17, 452 P.3d 1276, 1281 (Wyo. 2019) ("Statutory interpretation is a question of law that we review de novo."); *Bailey v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2010 WY 152, ¶ 9, 243 P.3d 953, 956 (Wyo. 2010) ("[I]nterpretation of the agency rules and regulations implementing statutory directives is a question of law, reviewed *de novo.*").

### *DISCUSSION*

[¶5]   "Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong." *Devon Energy Prod. Co., LP*

*v. Grayson Mill Operating, LLC*, 2020 WY 28, ¶ 11, 458 P.3d 1201, 1205 (Wyo. 2020) (alteration, quotation marks, and citation omitted); *Linch v. Linch*, 2015 WY 141, ¶ 17, 361 P.3d 308, 313 (Wyo. 2015) (quoting *Brush v. Davis*, 2013 WY 161, ¶ 9, 315 P.3d 648, 651 (Wyo. 2013)). If a court lacks subject matter jurisdiction, "'action taken by that court, other than dismissing the case, is considered to be null and void.'" *Devon Energy Prod. Co.*, 2020 WY 28, ¶ 11, 458 P.3d at 1205 (quoting *Weller v. Weller*, 960 P.2d 493, 496 (Wyo. 1998)). However, in construing the subject matter jurisdiction of district courts, we presume that jurisdiction exists and any intent to limit it must be clearly stated. *Harmon*, 2014 WY 90, ¶ 48, 331 P.3d at 1188.

[¶6] The Vital Records Act provides that the WDOH is responsible for installing, maintaining, and operating a system of vital records throughout Wyoming. Wyo. Stat. Ann. § 35-1-402 (LexisNexis 2019). The Act governs the maintenance of birth certificates and allows for their amendment. Wyo. Stat. Ann. §§ 35-1-401(a)(i), 35-1-410(a), 35-1-424. Section 35-1-424 provides:

> (a) A certificate or record registered under this act . . . may be amended only in accordance with this act and regulations thereunder adopted by the division of health and medical services to protect the integrity and accuracy of vital records. . . .

Pursuant to that authority, the WDOH promulgated rules for the amendment of vital records, including amendment of the sex on a birth certificate when the individual's sex has changed, with "an affidavit and a statement from a physician." *Rules Wyo. Dep't of Health, Vital Records Servs.*, ch. 10, § 4(e). WDOH rules provide that "[a]ny item" can be changed upon receipt of a court order. *Id.* § 3(a).

[¶7] The district court concluded that neither the statute nor the agency rules "expressly, directly, or impliedly authorize a district court or confer jurisdiction on a district court to issue an order amending a person's gender on an original birth certificate." It further contends on appeal that, because the Vital Records Act identifies specific proceedings that can result in an order for a name change[1] but contains no specific proceeding for gender change, we must conclude that the legislature intended to limit the district court's jurisdiction to those proceedings specifically identified. The district court reasons that the "basic tenet of statutory construction [] that omission of words from a statute is considered to be an intentional act by the legislature" prohibits jurisdiction over M.H.'s petition because a court cannot "read words into a statute when the legislature has chosen not to include them." *Merrill v. Jansma*, 2004 WY 26, ¶ 29, 86 P.3d 270, 285 (Wyo. 2004). This reasoning illustrates the fundamental flaw in the district

---

[1] Wyo. Stat. Ann. §§ 35-1-410(d) (change to mother's name on birth certificate), -411(c) (change to father's name after paternity determination), -416 (name change after adoption).

court's approach to determining the existence of its subject matter jurisdiction—it applied a presumption against district court jurisdiction, when the Wyoming Constitution requires a presumption in favor of jurisdiction.

[¶8]    The Wyoming Constitution grants broad general jurisdiction to the district courts:

> The district court shall have original jurisdiction of all causes both at law and in equity and in all criminal cases, of all matters of probate and insolvency and of such special cases and proceedings as are not otherwise provided for.  The district court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court.

Wyo. Const. art. 5, § 10.  This section's plain language grants district courts original jurisdiction "in all cases and of all proceedings," except those placed within the exclusive jurisdiction of another court.  *Id.*; *Christiansen v. Christiansen*, 2011 WY 90, ¶ 5, 253 P.3d 153, 155 (Wyo. 2011) (district courts "have original jurisdiction over all cases, excepting only cases placed within the exclusive jurisdiction of another court"); *Granite Springs Retreat Ass'n, Inc. v. Manning*, 2006 WY 60, ¶ 6, 133 P.3d 1005, 1010 (Wyo. 2006) ("District courts have general original jurisdiction in all cases 'in which jurisdiction shall not have been by law vested exclusively in some other court.'") (quoting *Joslyn v. Prof'l Realty*, 622 P.2d 1369, 1373 (Wyo. 1981)).  The legislature can only restrict that jurisdiction by expressing a clear intention to do so.  *Harmon*, 2014 WY 90, ¶ 48, 331 P.3d at 1188; *L-MHB*, 2018 WY 140, ¶¶ 10-11, 431 P.3d at 564-65.  *See, e.g.*, *Life Care Center of Casper v. Barrett*, 2020 WY 57, ¶ 18, 462 P.3d 894, 899 (Wyo. 2020) (holding that statute providing for appointment of wrongful death representative "[b]y its plain terms" limits the proceeding to a "***separate action*** brought ***solely*** for appointing the wrongful death representative") (emphasis in original).

[¶9]    The district court takes the position that Wyo. Stat. Ann. § 35-1-424(c) limits the district court's jurisdiction to amendments "changing the name of a person."  Section 424(c) states:

> (c)    Upon receipt of a certified copy of a court order changing the name of a person born in this state and upon request of such person or his parent, guardian, or legal representative, the state registrar of vital records shall amend the certificate to reflect the new name, by attaching an abstract of the court order.

This section merely identifies, and imposes requirements for, one type of vital records amendment.  Our precedent makes plain that statutory authority to grant a particular

3

remedy, and any statutory requirement attendant to such a remedy, does not affect district court jurisdiction.

[¶10] For example, in *In re Guardianship of MKH*, we considered the distinction between subject matter jurisdiction and statutory authority to grant a particular remedy. 2016 WY 103, 382 P.3d 1096 (Wyo. 2016). There, the district court appointed a guardian for a child who had not yet been born. *Id.* at ¶¶ 5-7, 382 P.3d at 1097-98. We concluded that the district court had acted outside the scope of its authority under the guardianship statutes because they did not apply to an unborn child. *Id.* at ¶ 24, 382 P.3d at 1102. However, we held that the error did "not rise to the level of a jurisdictional defect" because the proceeding belonged to the general class of cases over which the district court's authority extended. *Id.* at ¶¶ 27-30, 382 P.3d at 1102-03. We reasoned that district courts "are endowed with broad subject-matter jurisdiction" and that they lack jurisdiction only in "the exceptional case" where a court "lack[s] even an 'arguable basis' for jurisdiction." *Id.* (quoting *Christiansen*, 2011 WY 90, ¶ 5, 253 P.3d at 155 and *Linch*, 2015 WY 141, ¶ 19, 361 P.3d at 314). Thus, we adhered to our presumption in favor of district court jurisdiction. *See also State, Dep't of Transp. v. Robbins*, 2008 WY 148, ¶¶ 11-12, 197 P.3d 1243, 1246 (Wyo. 2008) (agency had subject matter jurisdiction over driver's license revocation even if statutory prerequisites not met, and district court had subject matter jurisdiction for declaratory judgment action concerning validity and construction of agency regulations).

[¶11] We rejected a restrictive view of subject matter jurisdiction in *Brown v. City of Casper*, where we overruled precedent to conclude that failure to comply with the Wyoming Governmental Claims Act (WGCA) requirement that a party seeking to bring an action against a governmental entity present a "notice of claim" to the entity before filing suit did not deprive the district court of jurisdiction. 2011 WY 35, 248 P.3d 1136 (Wyo. 2011). We held that, although "it was incumbent upon Mr. Brown to show that he had satisfied" the notice-of-claim requirement to avoid dismissal, the court's subject matter jurisdiction was invoked by Mr. Brown's complaint because it was "a case within the general class over which the court's authority extend[ed.]" *Id.* at ¶¶ 45-46, 248 P.3d at 1147. Despite Mr. Brown's initial failure to comply with the WGCA, we concluded that "the district court had the authority to exercise its discretion and allow" Mr. Brown to amend his complaint. *Id.* at ¶ 46, 248 P.3d at 1147. *Brown* made clear that the question of subject matter jurisdiction is distinct from the question of whether a party has complied with statutory requirements that may entitle her to relief.

[¶12] In *Harmon v. Star Valley Medical Center*, we reiterated that district court jurisdiction is not controlled by legislatively imposed procedures. 2014 WY 90, 331 P.3d 1174. We restated "that the failure to execute [a] claim as required does not deprive the district court of subject matter jurisdiction." *Id.* at ¶ 45, 331 P.3d at 1187. Thus, we held that failure to comply with the WGCA requirement that claims against governmental entities be signed under oath did not deprive the court of jurisdiction; rather, it was "an affirmative defense subject to waiver." *Id.* at ¶ 51, 331 P.3d at 1188. *See also In re L-*

*MHB*, 2018 WY 140, ¶ 16, 431 P.3d at 566 (explaining that a party's failure to comply with statutory requirements, "although sometimes fatal to the petition, does not deprive the court of subject matter jurisdiction"). Together, these cases clarify that statutory requirements, while important to the viability of a lawsuit, do not generally diminish a court's jurisdiction. The imposition of procedures for amending the name on a birth certificate in section 35-1-424(c) does not deprive the district court of jurisdiction over other types of amendments. Likewise, the existence of specific procedures for other types of amendments to records is of no significance to the determination of subject matter jurisdiction. *See supra* n.1. Just as filing the WGCA complaints in *Brown* and *Harmon* invoked the district courts' subject matter jurisdiction, M.H.'s petition for an order to correct her sex and gender invoked the district court's jurisdiction here.

[¶13] When the legislature has limited the jurisdiction of the district courts, it has done so expressly. For example, the "legislature limited a district court's subject matter jurisdiction by vesting 'exclusive original jurisdiction' in circuit courts for contract and other actions where the amount sought does not exceed fifty thousand dollars ($50,000.00)." *Woodie v. Whitesell*, 2019 WY 115, ¶ 9, 451 P.3d 1152, 1156 (Wyo. 2019) (citing Wyo. Stat. Ann. § 5-9-128 (LexisNexis 2019)). Unlike the district courts, these legislatively created "subordinate" courts "are courts of limited original civil subject matter jurisdiction over only those matters outlined" in the statutes creating them. *Best v. Best*, 2015 WY 133, ¶ 12, 357 P.3d 1149, 1152 (Wyo. 2015). Agency authority is also strictly limited. *Hayse v. Wyo. Bd. of Coroner Standards*, 2020 WY 4, ¶ 11, 455 P.3d 267, 273 (Wyo. 2020) ("Administrative agencies are creatures of statute and their power is dependent upon statutes, so that they must find within the statute warrant for the exercise of any authority which they claim.") (quoting *Amoco Prod. Co. v. State Bd. of Equalization*, 12 P.3d 668, 673 (Wyo. 2000)). In contrast, "[d]istrict courts in Wyoming are courts of superior and general jurisdiction" that "derive their judicial powers from the Wyoming Constitution." *Christiansen*, 2011 WY 90, ¶ 5, 253 P.3d at 155. The legislature has expressed no clear intention to limit the district court's jurisdiction to amend birth certificates under the Vital Records Act.

[¶14] Instead, section 35-1-424(a) allows amendment to vital records "in accordance with [the Act] *and* regulations thereunder adopted by [WDOH] to protect the integrity and accuracy of vital records." (Emphasis added.) Contrary to the district court's assertion, the WDOH regulations providing for amendment of "any item" (including sex) on a birth certificate do not constitute an attempt by the WDOH "to create subject matter jurisdiction in the district courts." Rather, they are a proper exercise of the WDOH's legislatively delegated authority under section 35-1-424(a), which charges the WDOH with maintaining "the integrity and accuracy of vital records." If a person's sex—or any other information on a vital record—is incorrect, inability to amend that information would undermine the accuracy of her vital records. Amendment of inaccurate information falls squarely within the legislative intent to "protect the integrity and accuracy of vital records." When we apply the presumption "that the legislature has acted in a thoughtful and rational manner with full knowledge of existing law, . . ."

*Sullivan v. State*, 2019 WY 71, ¶ 10, 444 P.3d 1257, 1260 (Wyo. 2019), we must conclude that it did not intend to provide a mechanism for correction of some information on a birth certificate while leaving other, inaccurate, information in place. The WDOH regulation allowing amendment of a person's sex on her birth certificate does not "modify, dilute or change in any way the statutory provisions from which [the WDOH] derives its authority." *In re Billings*, 2001 WY 81, ¶ 24, 30 P.3d 557, 568 (Wyo. 2001) (quoting *Platte Dev. Co. v. State, Envtl. Quality Council*, 966 P.2d 972, 975 (Wyo. 1998)). Thus, once M.H. invoked the jurisdiction of the district court by presenting a case "belonging to a general class over which the authority of the court extends," *Harmon*, 2014 WY 90, ¶ 46, 331 P.3d at 1187 (quoting *Brown*, 2011 WY 35, ¶ 44, 248 P.3d at 1146), "the district court had the power to hear and decide the case and enter judgment," *Harmon*, 2014 WY 90, ¶ 42, 331 P.3d at 1186 (quoting *Brown*, 2011 WY 35, ¶ 45, 248 P.3d at 1147). Because we conclude that the Vital Records Act provides the district court subject matter jurisdiction to address M.H.'s petition for sex change, we do not consider other bases for that outcome.

## *CONCLUSION*

[¶15] The Wyoming Constitution and our precedent require a presumption in favor of district court subject matter jurisdiction. The Vital Records Act does not limit district court jurisdiction over amendments to vital records, it establishes a class of cases which includes M.H.'s petition, and the district court therefore has subject matter jurisdiction. We reverse and remand.

**KAUTZ, J., specially concurring.**

[¶16] The narrow issue in this case is whether the district court had subject matter jurisdiction over M.H.'s petition. In resolving that narrow issue, I agree with the majority that the district court had subject matter jurisdiction. I write separately because I believe the majority inappropriately ventures beyond that point to implicitly interpret and advise on the applicability of Wyoming Statutes and WDOH regulations to M.H.'s petition.

[¶17] The "cardinal principle of judicial restraint" is "if it is not necessary to decide more, it is necessary not to decide more." *PDK Labs. Inc. v. Drug Enf't Admin.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring). Here, it is not necessary to determine whether the WDOH properly adopted regulations, whether those regulations relate to the purposes of the Vital Records Act, or whether either the Vital Records Act or the WDOH regulations apply to M.H.'s specific petition. Those questions were not presented to the district court, nor were they argued before us. As Justice Frankfurter noted, the complexity of such collateral questions "admonishes us to observe the wise limitations on our function and to confine ourselves to deciding only what is necessary to the disposition of the immediate case." *Whitehouse v. Illinois Cent. R. Co.*, 349 U.S. 366, 372-73, 75 S. Ct. 845, *850, 99 L. Ed. 1155 (1955). We should heed that advice.*

[¶18] I agree the district court had subject matter jurisdiction over M.H.'s petition. The majority opinion recognizes that as the only issue being decided, but then suggests the result the district court should reach on remand, concludes that the WDOH regulations are a proper exercise of WDOH's statutorily delegated authority, and decides allowing a person to amend her "gender" and "sex" on her birth certificate protects the integrity and accuracy of vital records. With these latter points, I cannot agree (at this stage of the case). Analysis of these points requires much more than what was presented to us and much more than what is presented in the majority opinion. If those issues were fully addressed, we may reach an entirely different conclusion on them.

[¶19] The district court thought it lacked jurisdiction over M.H.'s petition because (1) the Vital Records Act does not authorize a court to issue an order amending "gender" on a birth certificate; and (2) although WDOH regulations allow "sex" to be amended on a birth certificate, such regulations cannot confer jurisdiction. The majority believes the "fundamental flaw" in the district court's approach is that "it applied a presumption against district court jurisdiction, when the Wyoming Constitution requires a presumption in favor of jurisdiction." The actual flaw in the district court's analysis, however, was confusing subject matter jurisdiction with the absence of a statutory cause of action.

7

[¶20] "Subject matter jurisdiction refers to a court's power to hear and determine the matter in controversy between the parties." *Matter of Guardianship of MKH*, 2016 WY 103, ¶ 27, 382 P.3d 1096, 1102 (Wyo. 2016) (quotations omitted). *See also*, *Verizon Md. Inc. v. Public Serv. Comm'n of Md.,* 535 U.S. 635, 643, 122 S.Ct. 1753, 1759, 152 L.Ed.2d 871 (2002) (subject matter jurisdiction is "the court's statutory or constitutional *power* to adjudicate the case") (quotations omitted). "It is firmly established . . . that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction . . . ." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 2110 (1998) (citation omitted). *See also, Michigan v. Bay Mills Indian Cmty*, 572 U.S. 782, 787 n.2, 134 S.Ct. 2024, 2029 n.2, 188 L.Ed.2d 1071 (2014) ("The general federal-question statute, 28 U.S.C. § 1331, gives a district court subject matter jurisdiction to decide any claim alleging a violation of [the Indian Gaming Regulatory Act (IGRA)]. Nothing in § 2710(d)(7)(A)(ii) or any other provision of IGRA limits that grant of jurisdiction (although those provisions may indicate that a party has no statutory right of action).") (citation omitted); *MKH*, ¶ 24, 382 P.3d at 1102 ("Because the guardianship statutes do not authorize the appointment of a guardian for an unborn child, the district court erred in appointing a guardian for MKH before her birth. As we discuss next, however, it does not necessarily follow that the district court was without jurisdiction to act in this matter or that the 2005 order was void for lack of subject matter jurisdiction.").

[¶21] The district court mistakenly conflated whether M.H. has a valid cause of action with the issue of whether it had jurisdiction to consider her claims. In a sense, the majority opinion makes this same mistake. Whether the Vital Records Act and the WDOH regulations recognize claims like the one M.H. brought "does not implicate subject-matter jurisdiction." *Steel Co.*, 523 U.S. at 89, 118 S.Ct. at 1010, 140 L.Ed.2d 2110. As the majority opinion correctly recognizes, the Wyoming Constitution grants broad general original jurisdiction to district courts in this State and nothing in the Vital Records Act or the WDOH regulations purports to limit this jurisdiction. The district court had jurisdiction over M.H.'s petition.

[¶22] However, the majority opinion reaches matters well beyond what is necessary to determine whether the district court had subject matter jurisdiction, and misses the mark when it does so. For example, it states:

> Pursuant to that authority, the WDOH promulgated rules for the amendment of vital records, including amendment of the sex on a birth certificate when the individual's sex has changed, with 'an affidavit and a statement from a physician.'" Rules Wyo. Dep't of Health, Vital Records Servs., ch. 10, §4(e). WDOH rules provide that "any item" can be changed upon receipt of a court order. *Id*. § 3(a).

[¶23]   These citations, although correct, are troubling for several reasons.  First, they are incomplete.  While § 3(a) of Chapter 10 of the WDOH regulations allows "any item" on a "certificate" to be changed with a court order, § 4 pertains specifically to corrections of birth certificates.  Notably, § 4 does not allow correction of "any item" but is limited to corrections to "given names," "surnames," "date, place and hour of birth," and "sex." Section 4(b), (c), (d), (e).  The opinion suggests a broad reading of § 3(a), but to do so renders § 4 meaningless.  We avoid such interpretations.  *See Britain v. Britain (Matter of Est. of Britain)*, 2018 WY 101, ¶ 28, 425 P.3d 978, 987 (Wyo. 2018).

[¶24]   Second, by citing only to § 3(a) and part of § 4, the opinion gives the impression that only these regulations apply and signals the result the district court must reach on remand.  Yet, it fails to engage in any statutory interpretation as to why these regulations apply to the exclusion of the others.  This issue was not presented to us, is not necessary for our decision, and should not be decided here.

[¶25]   Finally, the opinion fails to distinguish between "sex" and "gender."  They may be two different things in today's world.  Sex is "a label assigned at birth based on the reproductive organs [a person is] born with."  https://www.dictionary.com/e/gender-vs-sex/.  Gender, on the other hand, "goes beyond one's reproductive organs and includes a person's perception, understanding, and experience of themselves and roles in society." *Id*.  Sex can only be changed via surgery.  https://www.dictionary.com/e/gender-vs-sex/.   The regulations refer solely to "sex."  There is no regulation allowing M.H. to change her "gender" on her birth certificate.  Indeed, the birth certificate form refers only to "sex."

[¶26]   The majority opinion states the WDOH regulations "providing for an amendment of 'any item' (including sex) on a birth certificate . . . are a proper exercise of the WDOH's legislatively delegated authority under section 35-1-424(a)" because that statute "charges the WDOH with maintaining 'the integrity and accuracy of vital records.'"  According to the majority,

> If a person's sex—or any other information on a vital record is incorrect, inability to amend that information would undermine the accuracy of her vital records.  Amendment of inaccurate information falls squarely within the legislative intent to "protect the integrity and accuracy of vital records." When we apply the presumption "that the legislature has acted in a thoughtful and rational manner with full knowledge of existing law, . . ." *Sullivan v. State,* 2019 WY 71, ¶ 10, 444 P.3d 1257, 1260 (Wyo. 2019), we must conclude that it did not intend to provide a mechanism for correction of some information on a birth certificate while leaving other, inaccurate, information in place.

[¶27] An interpretation of the legislature's intent and a conclusion that the WDOH's regulations are a proper exercise of its legislatively delegated authority are unnecessary to the jurisdictional issue before us. In any event, I do not agree that providing for unlimited amendment of any item, including sex, on a birth certificate with a court order is necessarily a proper exercise of WDOH's legislatively delegated authority or consistent with the legislature's intent as expressed in the Vital Records Act.

[¶28] Section 35-1-424(a) gives the WDOH the authority to promulgate regulations "to protect the integrity and accuracy of vital records." The purpose of a birth certificate is to record "the facts of the birth." Wyo. Stat. Ann. § 35-1-410(b). If the birth certificate inaccurately states the "facts of the birth," then amendment to the birth certificate is warranted. In contrast, changes to a birth certificate which seek to alter "the facts of the birth" undermine the integrity and the accuracy of the birth certificate.

[¶29] The change M.H. seeks falls within this latter category. She seeks to change her "gender" and "sex." Again, "gender" is not reported on the birth certificate, only "sex." Moreover, allowing her to change her "sex" merely because she now identifies as a "female" or she has since had a "sex-change" surgery (which is unclear from the record) undermines the integrity and accuracy of her birth certificate as it would no longer reflect the facts of her birth.

[¶30] To the extent the WDOH's regulations can be read to allow such change, it is arguable such regulations are void because they conflict with the Vital Records Act (i.e., the purpose of a birth certificate). *See, e.g., Diamond B. Servs., Inc. v. Rohde*, 2005 WY 130, ¶ 60, 120 P.3d 1031, 1048 (Wyo. 2005) ("[A]dministrative agencies are bound to comply with their enabling statutes"; "[a]n administrative rule or regulation which is not expressly or impliedly authorized by statute is without force or effect if it adds to, changes, modifies, or conflicts with an existing statute.") (citations omitted); *Disciplinary Matter of Billings*, 2001 WY 81, ¶¶ 25-27, 30 P.3d 557, 569 (Wyo. 2001) (concluding rules promulgated by Wyoming State Board of Outfitters and Professional Guides were invalid because they went beyond the authority granted to the Board by statute).

[¶31] There is much more that could be involved in an analysis of the regulations and statutes. Of course, this issue was not presented to us and is beyond the issue we are called upon to decide. We should exercise judicial restraint, and not address statutory and regulatory interpretation issues in this case.